Stayton, Associate Justice.
This action was brought by the appellants to recover from E. R. Logan the value of material alleged to have been furnished by him to Logan, which was used in erecting business houses on lots numbers one and two in. block six, in the town of Henrietta. They seek .also to enforce the lien given to persons who furnish material used in kh construction of buildings. The appellees Stine and Eustis were made defendants, as the petition alleges, because they jelaim or assert some right in the property acquired through Logan since the material was furnished.
The two lots are described in the petition as follows: “Beginmingat the northwest corner of said block No. (6) six, thence south 44 feet, thence east 110 feet, thence north 44 feet, thence west 110 feet to the place of beginning.” The petition further alleges 'that the material was furnished on a verbal contract, and that within the time required by law a copy of the bill showing the particulars of the material furnished was delivered to Logan, •-and another filed in the office of the clerk of the county court, which was by him recorded in a book kept for the purpose of recording mechanic’s liens, and it further alleges that the copy of the bill of particulars so recorded contained a description of the lands on which the houses were erected.
The bill of particulars so recorded was made an exhibit to the petition, and it showed that the lien was claimed on lots one and two and four in block six, of the original plat of the town of‘Henrietta; and the clerk’s certificate showed that it was recorded ' in the records of said county, in volume 1, at pages $62, 163, 164, 165, 166, 167 and 168, Bill of Sale Record.”
The answer alleged: “That the said lots numbers one and *525 two, together with the houses erected thereon at the time said materials were contracted for and furnished, were owned by E„ R. Logan, and that the lots numbers three and four in said block number six, together with said houses erected on said lot number three, in said block number six, but stated in said claim of lien to have been erected on said lot number four in said block number six, and that said lots three and four were owned by W. G-. Eustis at said time.” The answer further alleges that lots one and two are not adjoining lots three and four, and that the houses are two separate and distinct buildings.
The pleadings thus standing, the defendants filed demurrers general and special, at the same time their answer to the merits was filed. The substance of the demurrer was as follows:
1. That the petition was insufficient in law.
2. The petition alleged the material was used in the erection of buildings on lots one and two, block six, while exhibits <SA” and C‘B,” attached to the petition, showed that the material was also used in the erection of a building on lot four.
3. The bill of particulars was not recorded as the law directs in a book kept for the purpose of recording mechanics’ liens, but in the bill of sale book.
4. The lien sought to be foreclosed is a joint lien for the material used in the erection of the houses on lot four, as well as ©n lots one and two.
5. The claim of lien and bill of particulars, does not show that E.- R. Logan was the owner of the property, or the agent of the owner.
These were sustained and the cause dismissed. The residence of Logan was alleged to be in Kaufman county, and he filed a sworn plea to the jurisdiction of the court as to himself, in which he denied the existence of a lien.
I. The petition only seeks to foreclose a lien on lots numbered one and two, in block sixj and, it avers that the material furnished was used in erecting the only houses on these lots.
The statement appended to the bill of particulars, and recorded, embraced lot number four, but we do not see that this misdescription of the land on which the houses were erected would affect the appellant’s right to a lien on lots numbered one and two which were embraced in the statement, and especially so in view of the fact that the owner alleges that no house was erected on lot number four. If the statement had failed to embrace the lands on which the buildings were actually erected, it *526 would be insufficient; but that it claimed a lien on another lot not subject to the lien can not vitiate it.
The material man’s lien will be restricted to the' property on which he has the right to a lien, although he may assert a claim a lien on other property.
It has, so far as we know, never been held that the claiming of a lien on more land than the lien can lawfully cover will vitiate the lien on so much land as it may lawfully attach to, if that be embraced in the description of the land on which the lien is claimed, unless such a claim was intentionally or fraudulently made, and will in some way operate to the injury of the owner or some third person. The authorities hold such misdeiscriptions unimportant. (Edwards v. Derrickson, 4 Butcher, 39; Whitemark v. Noe, 3 Stork’s Chancery, 321; Shattuck v. Beardsley, 46 Conn., 386; Oster v. Rabeneau, 46 Mo., 595.)
The purpose of the record mainly, is to give notice to third persons of the lien, and the statute only requires that the •amount or contract recorded “shall be accompanied by a description of the lands, lots, houses and improvements made, against which the lien is claimed.” (Rev. Stats., art. 3167.)
II. The statute requires the contract, or bill of particulars with its accompanying statement, to be, filed and “recorded in book to be kept by the county clerk for that purpose.” The petition alleges that this was done, and the fact that the book in which the account and accompanying statement were recorded may have been used to record bills of sale, would not affect the validity of the record if, in fact, the book was the one kept for the purpose of recording all mechanics’ liens. (Irwin v. Logan, 4 Southwestern Rep., 247.) The statute does not provide that the book shall be kept exclusively for the purpose of recording such liens.
III. The petition does not seek to foreclose a lien on lots one and two to enforce the payment for material furnished and used in erecting houses on these lots, and a house or houses on lot four That lots one and two were owned by Logan at the time the material was furnished, is alleged by the answer, though not specifically averred in the petition, as is it alleged in the answer that no house was erected on lot number four.
Averments in an answer will cover the want of averments in a petition, and on demurrer may be considered.
No lien can be enforced in this case on any lots other than *527 lots one and two, and upon them only to the extent of the value of the material used in placing buildings upon them. When materials have been furnished under a single contract for buildings erected on two or more contiguous lots owned by the person to whom the material is furnished, we see no reason why the lien should not attach to all the lots; and it would be exceedingly unreasonable to require the person who furnishes material, in such a case, to ascertain how much of the material is placed in each house. This is a matter under the control of the owner of the property improved, and if he does not see proper to make separate contracts for material to be used on each lot, he can not be heard to say that a lien does not attach upon all the lots upon which the material is used. (Chadbourn v. Building Association, 71 N. C., 448; Marston v. Kenyon, 44 Conn., 350; Batchelder v. Rand, 117 Mass., 176; Paine v. Bonney, 4 E. D. Smith, 750; Phillips v. Gilbert, 101 U. S., 721; Moran v. Chase, 52 N. Y., 346; Carpenter v. Leonard, 5 Minn., 168; Orr v. Insurance company, 86 Ill., 260; Hall v. Sheehan, 69 N. Y., 618.)
This rule operates no hardship on the owner of the property oi persons who purchase from him with notice of the lien. If the former, owning contiguous lots, desiies to affect them severally with a lien only for the material furnished for buildings' or other improvements on each, he should so make his contract as to enable the material man to know how much of his debt each lot is responsible for.
So long as he treats such lots as one property, by making one contract for material to be used on all of them, without designating what part of the material is to be used on one lot or another, so long may the material man treat the lots as one piece of property in fixing his lien upon it. A purchaser buys with his eyes open, and if he voluntarily purchases propertv which he knows is incumbered, he can- not complain if it is subjected, in his hands, to the payment of the debt for which its former owner has made it responsible.
The petition states facts which, taken in connection with the averments of the answer, entitle the appellants to a lien on lots one and two for the value of all such material as was used in erecting houses on them, and none further is claimed.
Many matters are set up in defense, but as the cause is presented, it is not necessary to consider them.
*528 Opinion delivered June 21, 1887.
For the action of the court in sustaining the demurrers and dismissing the cause, its judgment will be reversed and the cause remanded.

Reversed and remanded.