S. P. Boettler v. R. P. Tendick.

No. 6171.

1. **Pleading.**—In a suit to recover damages against a building contractor for breach of his agreement to construct a house ,with the character of material contracted for and in a workmanlike manner, a general allegation in the petition that the material used and work done were not in accordance with the contract, though good on general demurrer is bad on special exception. It is the right of the defendant to be informed by the averments in the petition of specific facts which constitute the defects of material and workmanship.

2. **Pleading.**—When a petition is silent in regard to an issuable matter involving the plaintiff's right to recover, and which from the character of the case should have been set forth, if the issue be presented by the answer, the action of the court in overruling a demurrer to the petition becomes unimportant and can furnish no cause for reversal.

3. **Building Contract—Damages.**—An architect selected by the property owner

supervised the construction of a house built under a contract which provided that all cases of disputes as to the character of labor or material, or the meaning of the words used in the contract, should be submitted to the architect, whose decision should be final with no right of appeal therefrom; that the architect should not only supervise but direct and control the builder both as to material and workmanship, and that on the final completion of the work and its acceptance by the owner the reserved payment should be made on the certificate of the architect. On the completion of the building the reserve payment was made on the certificate of the architect and the building accepted. In a suit by the owner for damages caused by defective work and material, *held:*

1. In the absence of collusion or fraud on the part of the architect or fraud on the part of the builder, a contract which provides that the owner shall not be liable for the construction of the house until the work is approved by the architect, is valid.

2. It was not necessary that a controversy should have arisen during the progress of the building in order to make the decision of the architect either as to workmanship or material binding between the parties.

3. The certificates of the architect given as the house progressed and on its completion that it was built according to contract were decisions conclusive in the absence of collusion, fraud, or concealment, and binding on the parties.

4. The right of the builder to exercise his own judgment was subordinate to the right of the architect as to all matters relating to workmanship or material.

4. Cases Reviewed.—Omaha v. Hammond, 94 United States, 98; and Kane v. Stone, 39 Ohio State, 11, reviewed.

APPEAL from Bexar. Tried below before Hon. Geo. H. Noonan. The opinion states the case.

*Oscar Bergstrom,* for appellant.—The court erred in overruling defendant's first exception to plaintiff's original petition in this, that said original petition does not charge that the defect in workmanship or material used in the construction of the building was submitted to the supervising architects, Wahrenberger & Beckmann, or that the said supervising architects rendered any decision thereon as provided for by the contract sued upon.

The petition should show the facts instead of the conclusions of the pleader, in order to give notice to the defendant of the particular matters which he will be required to meet on the trial.

Where the parties contract that work when completed shall be subject to the supervision of an architect or engineer, his decision as to the sufficiency of the material used or labor done to be final, all parties are bound by such decision, and in order to avoid it such parties attempting to avoid the judgment must plead and prove fraud, mistake, or gross neglect on the part of such engineer or architect in rendering such decision. G. H. &. S. A. R. R. Co. v. Henry & Dilley, 65 Texas, 685, and authorities there cited; Tetz v. Butterfield, 11 N. W. Rep., 531; Kilberg v. United States, 97 U. S., 398; Sweeney v. United States, 109 U. S., 618; Martinsburg P. Ry. Co. v. Marsch, 114 U. S., 550; Omaha v. Hammond, 94 U. S., 70; Kane v. Stone, 39 Ohio St., 1; Batchelor v. Kirkbride, 26 Fed. Rep., 899, note; Greenh. on Pub. Policy, 470–2.

*Barnard & King,* for appellee.—It is not necessary to charge that any question concerning the character of the workmanship done or material used in the construction of the building was submitted to the supervising architects or decided upon by them, because neither the contract, specifications nor bond require this to be done, and the general exception was properly overruled.

No dispute or difference arose between the parties during the course of construction and consequently there was nothing to submit to the architects. The damages sued for were caused by latent defects discovered after the completion of the building and full payment. The evidence it is true was conflicting, but a great preponderance favored appellee, and the judgment was for the right party and should not be disturbed. G. H. & S. A. Ry. Co. v. Henry & Dilley, 65 Texas, 685.

STAYTON, CHIEF JUSTICE.—Appellant constructed a stone building for appellee under a contract which contained full specifications of the work to be done and of the character of the material to be used, all of which was to be furnished by the appellant.

The plans and specifications were prepared by architects in the employment of appellee, and the contract contains the following agreement:

"Sixth. It is furthermore agreed between the contracting parties hereto that the said Wahrenberger & Beckmann are the architects under whose supervision, directions, and control the said materials are to be furnished and the said labor to be performed as mentioned in said plans and specifications and details, and in all cases of difference or dispute as to the character of the labor performed by the said party of the second part, or as to the meaning and intent of said specifications, plans, and details, or as to any word, term, or phrase therein employed, the same is to be referred for decision to said Wahrenberger & Beckmann, their decision to be final, neither party having the right to appeal therefrom."

The house was constructed under the supervision of the architects named.

The sum to be paid for the entire building was $3500, which was to be paid as follows: "Eighty per cent of the amount due for said work from time to time as the condition of the work in the opinion of the architects will justify, said amounts to be paid upon the certified estimates of said architects that so much is due upon said work; the remaining twenty per cent of the difference in the aggregate payments so made as aforesaid and the said sum of three thousand five hundred dollars to be paid upon the final completion of the said building and the acceptance of the same by the party of the first part through his architects."

At the end of each week while the work progressed the architects gave certificates on which payments were made as provided by the contract,

and on the completion of the house it was received by the architects, who gave a certificate on which the final payment was made.

Some time after the house had been received the walls cracked, and appellee demanded that appellant should then make all necessary repairs at his own cost, which he refused to do. Appellant having executed a bond with surety for the proper execution of the work, appellee brought suit on that bond, after having caused repairs to be made at his own expense, to recover the sum of $1426.45 as damages for failure of appellant to construct the house in accordance with the contract, and recovered a judgment for $326.45.

The contract was made a part of the petition. The petition did not allege wherein appellee had failed to do the work in a workmanlike manner as required by the contract, nor did it allege wherein appellant had failed to use such material as was called for in the contract, but did allege that it was discovered after the building was received "that said foundation was not built and constructed in a thorough and workmanlike manner, nor was the material used therein in accordance with the specifications in said contract," and "that during the progress of repairs other defects were discovered in the said building, caused by bad workmanship and faulty material used by said defendant in the construction of the said building;" and further, "that owing to the bad workmanship and faulty material used by defendant in the construction of said house the front walls and other portions thereof are permanently damaged."

The defendant filed a special exception to the petition, which questioned its sufficiency, in that it did not specify wherein the workmanship and materials used were not in accordance with the contract.

This exception was overruled and this ruling is assigned as error.

The averments of the petition are but the conclusions of the pleader, and did not inform the defendant what particular facts would be relied upon to fix liability upon him.

While the petition may have been sufficient, even on general demurrer it was the right of the defendant to be informed wherein his workmanship was faulty or the material furnished by him not such as his contract required, and when by specific exception he pointed out the want of more specific averments, and sought further information as to the very facts on which the plaintiff relied for a recovery, he should not have been forced to go to trial until this information was given. The special exceptions should have been sustained.

The petition was further excepted to on the ground that it did not allege that any question of defective workmanship or material was at any time submitted to and decided by the architects, in accordance with the terms of the contract, and that exception was overruled.

The petition was silent as to whether the architects had supervised the

work while the house was in course of construction, and also as to whether the architects had given certificates as to the work as it progressed, or as to whether they had given a certificate on which the final payment was made and the house accepted.

All these facts, however, the answer alleged to have occurred, and if the petition in this respect was defective the issue which the defendant desired to raise was presented and the ruling of the court on the exception became unimportant.

Many witnesses were called by the plaintiff, to whom he propounded the general question whether the work was done in a workmanlike manner or not.

The answers were objected to on the ground that "the contract sued upon provides that all differences as to the quality of material or workmanship used in the construction of said building must be submitted to the supervising architects, Wahrenberger & Beckmann, for decision, neither party having the right to appeal therefrom, and the pleadings do not charge that said supervising architects had rendered any decision thereon by fraud, collusion, or mistake, through gross neglect, or in bad faith," and the court overruled the objections. The admission of this evidence is assigned as error.

The petition contained no averment that the supervising architects in passing on the work and material or in accepting the work had acted fraudulently, collusively, through mistake, gross neglect, or in bad faith, nor was there any averment that appellant had in any manner concealed either bad workmanship or material.

Another assignment of error is as follows: "The court erred in rendering judgment for the plaintiff, because the evidence shows that the work done and material furnished by the defendant Boettler in the construction of plaintiff's house were inspected and examined from time to time during the construction of said house by the superintending architects, Wahrenberger & Beckmann, and by them decided and received as having been done in accordance with the contract for said building, their decision under said contract being final, and no appeal being permitted therefrom by either party, judgment should have been for defendants."

As the judgment will be reversed on a ground already noticed, on the last two assignments we will state, without considering them separately, what we understand the law arising on the contract to be.

There can be no doubt that the architects were the representatives of the appellee of his own selection, and that they for him were empowered to pass upon the wormanship and material used, to accept that as it progressed, and finally for him to accept the building.

By their arbitrament appellant bound himself to submit, and they were empowered not only to *supervise* but to *direct* and *control* appellant in the use of material and also in the workmanship.

, That this supervision, direction, and control was to begin with the inception of the work, and to follow it through all its stages until the completion of the house and its acceptance, is manifest from the contract itself.

The evidence shows that this was done, and fails to show that any defective workmanship or material, if there was either, was hidden or in any manner concealed.

By the contract appellee bound himself to make the ultimate payment for the work and material "upon the final completion of the said building and the acceptance of the same by the party of the first part through *his architects.*"

Building contracts in which it is provided that the owner shall not be liable to the builder until the work has been approved by an architect are valid, and in the absence of collusion or fraud on the part of the architect, or fraud on the part of the builder whereby the architect is misled, ought to be enforced.

"The owner has no right to complain since the architect was selected by him and charged by him with this very power; the builder has no right to complain since he took the work on this very condition." Whart. Law of Cont., 594.

The contention between the parties in this case seems to be this:

Appellant contends that the appellee is bound by the certificates given by the architects pending the work and at its completion, and that the latter can not now be heard to say that the work and material were not in accordance with the contract; while the appellee contends that he is not bound by the certificates of the architects in reference to any matter about which there was not an actual controversy submitted to and decided by them; or it may be that he holds that the opinion of the architects after once in good faith given, and the work and material thereby approved and accepted, is open to revision and may be controlled by their evidence given on the trial.

Looking to the entire contract, we are of opinion that it was not necessary that an actual controversy should have existed and have been decided by the architects to make their decision binding between the parties.

The owner did not undertake to supervise the work himself and to raise objections to workmanship or material, but selected persons of skill and experience to do this for him, and those persons were made the arbiters, and necessarily, in the discharge of their duty to their employer, were compelled from time to time to pass upon the wormanship and material.

Their certificates given from time to time and at the completion and acceptance of the work were decisions that the house was built in accordance with the contract, and in the absence of bad faith on the part

of the architects or of concealment of defects in the workmanship or material by the builder, their decisions thus made ought to be held binding upon the parties.

The architects selected by appellee were skilled persons, who under the contract for the benefit of the owner were given the right to *supervise, direct,* and *control,* and this they did, and by their certificates in effect declared that the workmanship and material were in accordance with the contract.

The right of the builder to exercise his own judgment was subordinated to the judgment of the architects, to whom power was given to determine what was proper workmanship or fit material, and what the specifications, plans, and details embraced in the contract required for its fulfillment. They were made the judges of all those matters, and if the workmanship or material were not such as other architects might declare were necessary to the fulfillment of the contract, still as between the parties to it the chosen architects were made the sole arbiters.

In Omaha v. Hammond, 94 United States, 98, it appeared that a city entered into a contract for the construction of certain public wells, which provided that they should "be completed under the supervision and to the satisfaction of the chief engineer of the fire department of the city," and were to be paid for "upon the report of said officer being made to the council of said city, showing that the wells are completed and satisfactory," and it was held that the action of the engineer in finally accepting the wells was an announcement of his decision that the terms of the contract had been complied with and was binding on the city.

In Kane v. Stone Company, 39 Ohio State, 11, work was performed on a building under a contract which made the work subject to the approval of an architect employed by the owner, and it was held not only that the decision of the architect made in good faith and without concealment of defects by the builder would be binding on the owner, but that the approval of the work by the architect might be presumed if he failed to make objection to it.

The rules applicable to this class of cases is stated in the following cases: Kilberg v. United States, 97 U. S., 398, Sweeney v. United States, 109 U. S., 618; Railroad Co. v. March, 114 U. S., 349; O'Reilly v. Kerns, 52 Pa. St., 217; Lull v. Korf, 84 Ill., 226; Condon v. Railroad Co., 14 Gratt., 308; Hudson v. McCartney, 33 Wis., 332.

The other assignments need not to be considered, and from what has been said the parties will understand what the real questions to be tried are and the rules applicable thereto.

The judgment of the court below will be reversed and the cause remanded.

                                            *Reversed and remanded.*

Delivered April 12, 1889.