## BOHNY GASTON v. GEORGE A. WRIGHT.

### No. 3143.

1.  **Pleadings—Charge.**—Petition in trespass to try title, claiming one-half interest as heir of his mother. Defendant pleaded not guilty, and alleged that the land was community property of the parents of plaintiff and had been sold by the father surviving to pay community debts. Supplemental petition alleged that the land was the separate property of his mother; but that if community property it had been bought of the father only to the extent of one-half interest. Upon such state of the pleadings it was error to restrict the right of the plaintiff to recover to his establishing that it was his mother's separate property. The pleadings taken together disclosed an alternative claim in the land if it was community property of his parents.

2.  **Deed to Wife—Presumed to be Community.**—During coverture the land was bought with community funds and deed made to the wife. *Held*, that the fact that the husband may have sought to shield the land from his creditors by taking the deed in his wife's name did not constitute the land the separate property of the wife, unless the deed contained recitals which would so place the equitable interest.

3.  **Want of Notice.**—While a deed made to the wife at instance of the husband and for the purpose of vesting title in her separate estate would as between themselves constitute the land her separate property, a purchaser for value without notice would not be affected by such intent.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion states the case.

*Bower, Kearby & McCoy*, for appellant.—1. The court erred in charging the jury that plaintiff could recover no interest in the land in controversy, under his pleading and proof, unless the same was proved to be Mary Coleman's separate property. Appellant's claim for one-half of the property was no reason for denying him one-fourth. Browder v. Clemens, 61 Texas, 587; Rev. Stats., art. 4807; Williams v. Davis, 56 Texas, 250; Hutchins v. Bacon, 46 Texas, 414.

2. The land in controversy was the separate property of Mary Coleman, as against James Coleman and his subsequent grantees, and appellant was entitled to recover one-half thereof. Smith v. Boquet, 27 Texas, 512; Stafford v. Stafford, 41 Texas, 113; Cobb v. Norwood, 11 Texas, 561; Eastham v. Roundtree, 56 Texas, 110; Hoeser v. Kraeka, 29

Texas, 451; De Garca v. Galvan, 55 Texas, 53; Custard v. Custard, 25 Texas Sup., 50; Wilson v. Trawick, 10 Texas, 428; Danzey v. Smith, 4 Texas, 411.

3. The court should have charged the jury as to the status of the property in controversy, upon the evidence establishing the fact that James Coleman caused the same to be conveyed to Mary Coleman with the intent of placing the same beyond the reach of his creditors. Rev. Stats., art. 1317.

4. James Coleman is estopped from taking advantage of his own wrong by a conveyance of said property for a consideration after causing the same to be conveyed to the said Mary for the purpose of defrauding his creditors and providing her a home. Eastham v. Round-tree, 56 Texas, 110.

5. Voluntary conveyances can not be impeached upon the ground of fraud by other persons than creditors and purchasers without notice. Wheeler v. Yenda, 11 Texas, 561; Danzey v. Smith, 4 Texas, 411.

*Word & Reeves,* for appellee.—1. While the original petition was in the usual form of a petition in an action of trespass to try title, the subsequent pleadings of the parties changed the nature of the action, and it would be controlled and governed by the rules of pleading applicable to other actions. Appellee specially pleaded his title, viz., that the property was community property of the parents of appellant, and was sold by the surviving husband for the purpose of paying community debts, and that since the institution of this suit James Coleman had conveyed to appellant all the balance of the community property, and which was the only property owned by the said James Coleman, the value of which greatly exceeded the value of the property in controversy. Appellant in answer to the defenses set up by appellee, specially pleaded his title. Appellant denied that the property was community, but maintained that it was the separate and individual property of his mother, and therefore could not be sold by the survivor in community for the purpose of paying community debts. If the evidence should therefore fail to show that the property was the separate property of his mother, he could not recover upon proof that it was community property. Rains v. Wheeler, 76 Texas, 393; Middlebrook v. Zapp, 73 Texas, 31; Holloway v. Holloway, 30 Texas, 179; Milliken v. Smoot, 64 Texas, 173.

2. The deed to Mary Coleman reciting an onerous consideration, and there being nothing to indicate that the conveyance was made to her in her individual right, its legal effect was a conveyance to the community; the creditors of Jim Coleman could not have been in any manner affected thereby, and Jim Coleman was not therefore estopped from asserting his interest in the land. Cox v. Shropshire, 25 Texas, 125; Evans v. Welborn, 74 Texas, 533.

FISHER, JUDGE, *Section B*.—This suit is trespass to try title by appellant against appellee. Appellee pleaded not guilty, and specially, that the land in controversy was the community property of Jim Coleman and his wife Mary Coleman; that Mary Coleman departed this life January 1, 1888, leaving surviving her Jim Coleman, her husband; that Bohny Gaston, appellant, Kitty Vincen, and Mary Dotry were her only heirs; that appellant is the only surviving child of Jim and Mary Coleman; that Kitty Vincen and Mary Dotry are the only children of Rose, a daughter of Jim and Mary Coleman; Rose died prior to the death of her mother; that at the time of the death of Mary Coleman there was a large number of community debts unpaid, and that for the purpose of paying off the debts Jim Coleman, the surviving husband, sold to appellee the lands, and the proceeds of the sale were applied to payment of community debts; that Kitty Vincen and husband sold to him the tract of land in controversy.

In replication, appellant filed a supplemental petition, wherein he pleads a general denial; and further alleges, that it is true he holds the title of the land in controversy as heir of his mother Mary Coleman, who died intestate, leaving appellant as her only surviving heir; that the property was the separate property of his mother at the time of her death and long prior thereto; that the appellee at the time he purchased the property had notice and knowledge of the fact that the land was the separate·property of Mrs. Coleman; and further, that if said property was the community property of James and Mary Coleman, as appellee alleges, that the same was so purchased by appellee to the extent only of one-half interest, and that the land was not sold to pay community debts.

Appellee filed a supplemental answer, which, for the purpose of disposing of this case, it is unimportant to notice.

The facts of the case are presented here by agreement under article 1414 of the Revised Statutes. The agreement in substance is as follows: That Mary and James Coleman were husband and wife; that Mary Coleman died March 25, 1888; appellant is a child of said marriage, and is entitled to inherit one-half of his mother's estate, and that the children of a deceased daughter inherited the other half; that the land in controversy was purchased during the marriage of James and Mary Coleman, and was paid for with money their community property, and that at the time of the purchase James Coleman was in debt and was hard pressed by his creditors, and he owned no property at the time of the purchase except the money with which the land was paid for. The conveyance to the land was taken in the name of Mary Coleman for the purpose of defrauding his creditors. The deed was in the usual form, but did not recite that it was purchased by the separate means of Mary Coleman. After the death of Mary Coleman, her husband Jim Coleman sold and conveyed the land to appellee G. A. Wright,

at the time of the purchase by Wright, and before he knew of the fraudulent purpose of Coleman in having the conveyance made to his wife Mary. It is not admitted that the land was sold by Coleman to Wright for the purpose of paying community debts, because, as the parties say in the agreement, the evidence on this point is conflicting; but it is agreed that if the appellant has any right to recover any part of the community property under his pleadings, that a charge to that effect should have been given by the court.

The court below instructed the jury: "1. That plaintiff can recover no interest in the land in controversy, under his pleadings and proof, unless the same was proved to be Mary Coleman's separate property. 2. That the land was presumed to be the community property of Jim and Mary Coleman, and that in order to overcome such presumption it is necessary for plaintiff to prove, that in taking the deed of conveyance in the name of Mary Coleman it was the intention of Jim Coleman to make it her separate property, and that Wright knew of such intention when he purchased the land from Jim Coleman. 3. That Wright had no notice or knowledge of such intention, and that they must return a verdict for defendants."

The giving these instructions to the jury is assigned as error. The court based its first charge quoted upon the theory that the plaintiff alleged that ·the property was the separate estate of his mother, and that he could only recover upon the title pleaded, and for such reason he was not entitled to have submitted any right in the property by virtue of the community interest of his mother. The original petition filed by plaintiff does not allege by what right or title he claims the property. It is general in form. Appellee's answer pleads not guilty, and also that the land in controversy is the community property of Jim and Mary Coleman; and further avers, that appellant is one of the heirs of Coleman and his wife Mary, he being their son; and further, that the property was sold by Jim Coleman after the death of his wife for the purpose of paying community debts. Appellant by supplemental petition avers, that the property is of the separate estate of his mother Mary Coleman; "and further, that if the property was the community property of James and Mary Coleman, as defendants allege, which plaintiff wholly denies, that the same was bought of James Coleman to the extent of only one-half interest." The supplemental petition also contains a general denial.

Construing the entire pleadings, we think the issues joined present the question whether the land is the separate or community estate of Mary Coleman. The original petition asserts claim to the land without stating the title. The answer alleges the title to be the community property of the parents of appellant. Appellant by supplemental petition denies this, and alleges that the property was of the separate estate of his mother, and denies any debts owing by the community,

and in the alternative says, that if the land belongs to the community estate that his father could only sell one-half thereof. We think this is a case in which the pleadings of both parties can be looked to to ascertain the issues presented, and that the facts alleged in the answer, in connection with the averments of the supplemental petition, can be looked to in aid of the cause of action filed by the appellant. Railway v. Anderson, 76 Texas, 252; Lyon & Gribble v. Logan, 68 Texas, 524; Thomas v. Bonnie Bros., 66 Texas, 637; Grimes v. Hagood, 19 Texas, 249; Hill v. George, 5 Texas, 89; Land and Cattle Company v. The State, 68 Texas, 536, 538. We think there was error in giving such charge, and that the court erred in failing to submit to the jury the question of appellant's interest in the community property of Mary Coleman, if any.

Under the facts as presented here, we think the charge of the court correct in virtually construing the title of the property as lodged in the community estate of James and Mary Coleman. No evidence was offered showing that Coleman intended, in having the conveyance made to his wife, to create a separate right in her. The deed that conveys the land does not by any recital negative the presumption that the property belongs to the community estate of Coleman and wife. The fraudulent purpose of Coleman in having the conveyance made to his wife with the intent to shield the property from claims of his creditors would not have the effect to vest the title in her in her separate right unless the deed contained recitals sufficient to create in her a separate right in the property, or unless the purpose of Coleman was clearly shown to create in her a separate title. Of course this undisclosed purpose of Coleman would not affect the rights of a purchaser for value from him who had no notice of such intention to create a separate right in the wife.

We conclude the case should be reversed and remanded, and so report it.

*Reversed and remanded.*