INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY
v. J. T. POOL.

Decided December 19, 1900.

**1. Carrier of Live Stock—Shipper's Contract to Load—Overloading.**

A contract for transportation of cattle by which the shipper agrees to load and unload at his own expense and risk can not relieve the carrier from his duty to furnish cars of sufficient space to carry them safely, and where they were overloaded, over the shipper's protest, the carrier was liable for the resulting damages.

**2. Carrier—Negligence—Burden.**

It was not necessary to allege or prove negligence on the part of the carrier in order to recover for loss or injury to cattle while transported.

**3. Justice Court—Appeal—Pleading.**

The rule that pleading in justice court is oral and that a brief statement thereof on the docket is sufficient governs also the trial of the case in the county court on appeal.

APPEAL from the County Court of Milam. Tried below before Hon. W. W. McGREGOR.

*Morrison & Wallace*, for appellant.

*Henderson, Streetman & Freeman*, for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit originated in the Justice Court, precinct No. 4, Milam County, where appellant was successful. Upon appeal to the County Court the trial resulted in a verdict and judgment for the appellee Pool.

The suit arose upon a shipment of 68 head of cattle by plaintiff below on defendant's railroad from Marquez, Texas, to Taylor, Texas, received by defendant to be carried on its railroad to Taylor, Texas, and there to be delivered to the Missouri, Kansas & Texas Railroad to be carried on to destination at Lorena, Texas.

The citation to defendant issued by the justice of the peace stated the nature of the action as "a suit for $190 upon a claim for damages sustained by plaintiff in a shipment of 68 head of cattle from Marquez, Texas, to Lorena, Texas, for two head of cattle killed and two head injured so that they afterwards died, and for injuries and damages to the rest of said cattle while in transit over defendant's road from Marquez, Texas, to Taylor, Texas, all of the said damages being in the sum of $199, said shipment having been made on the 8th day of April, 1898.

In the County Court the parties pleaded orally, which pleadings were noted on the docket as follows: "Plaintiff sues to recover damages to a shipment of 68 head of cattle alleged to have been delivered to defendant at Marquez, Texas, for shipment by way of Taylor, Texas, to Lorena, Texas, on or about the 8th day of April, 1898, alleging that the cattle were received by the defendant as a common carrier; that plaintiff paid freight charges thereon, and defendant as such common carrier agreed to safely deliver the same to its connecting carrier, the Missouri, Kansas & Texas Railway Company; that said defendant failed to comply with said contract, and although said cattle were delivered to it in good order at Marquez, Texas, the same were damaged and injured, so that four head of cattle died, of the value of $25 each—died from the result of said injuries; and nine head of said cattle were injured and damaged, so that they depreciated in value to the extent of $10 per head, whereby plaintiff was damaged in the sum of $190."

The defendant set up that the shipment was made under a special contract binding plaintiff to attend the cattle in person during the shipment, and to load, unload, and reload the same, and exempting defendant from damages except such as should result from negligence of defendant and its employes; and that if any damage occurred to said shipment, the same was caused by failure of plaintiff to see that the cattle were properly loaded, and from inherent vice of the cattle.

The trial resulted in a judgment for plaintiff for $190, from which the defendant has appealed.

The plaintiff proved the shipment and damages as alleged, and that the damages resulted from the overloading of one car in which part (38 head) of the cattle were shipped, from which four head died of the value claimed by plaintiff, and injuries done to nine other head as alleged. The shipment was entirely within the State, and damages were caused, as alleged, by overloading the car in which the cattle were shipped, and from no other cause, and the court below so found.

After the cattle were loaded at Marquez, plaintiff discovered that

the car containing the 38 head was overloaded, and he at once demanded of defendant's agent that the cars be reset and the cattle reloaded. This was not done. When the train reached Hearne, he again requested the conductor to reload the cattle and he refused. When they arrived at Taylor, two of these cattle were dead, and two so badly injured that they afterwards died, and nine others badly wounded and crippled, legs broken and hips knocked down. The other car containing the remaining 30 head of the cattle arrived in good condition.

Defendant read in evidence contract of shipment indorsed, "Shipper's load and count," one paragraph of which reads, "that the party of the second part [plaintiff] shall assume all risk and expense of feeding, watering, bedding, and otherwise caring for the stock covered by this contract while in cars, yards, pens, or elsewhere, and shall load and unload the same at his own expense and risk." Some testimony offered by defendant tended to show that it did unload and reload the cattle, as requested by plaintiff, but it is evident that this is a mistake and that it was not done.

*Opinion.*—If plaintiff was bound to load and unload the cattle, his duty was restricted to that undertaking, and it would not include the undertaking to furnish cars of sufficient space to carry them safely. That was the duty of defendant, and it could not be and was not by the terms of the contract shifted from defendant to plaintiff. Plaintiff was not the carrier, nor was he bound to furnish cars for his shipment. When he discovered at Marquez, the initial point, that the car containing the 38 head of cattle was overloaded, he requested that they be unloaded and reloaded, and the request was refused. Defendant was alone responsible for the injury done to the cattle by carrying them in their crowded condition on the car. On the merits of the case, defendant would be liable.

In order to warrant a recovery, it was not necessary to allege or prove negligence of defendant. It would be responsible for the injury done by it, whether negligent or not. The assignment addressed to the failure to plead negligence by plaintiff is not well taken. But apart from this the rules of pleading governing courts of record do not apply in this kind of suit that obtain in courts of record. 2 Wilson, C. C., 239. Pleadings in justice courts are oral, and are not subject to the same restrictions. Id., 804. A brief statement on the docket is sufficient. 67 Texas, 396; 2 App. C. C., 339; 3 Id., 96. When a case is appealed from the justice court to the county court, the rules of pleading are not changed; they are still oral. 1 App. C. C., 576, 765; 2 Id., 239. So, if it were necessary to allege negligence in a court of record to hold a common carrier liable for damage to a shipment while in transit, it would not be required in the court of a justice of the peace, nor in the county court on appeal from the former. No contributory negligence on the part of plaintiff is shown even if such a

defense could be made, as he demanded relief of the crowded condition of the car before the cattle left Marquez, from which place they were shipped. But, as before stated, the issue is not one of negligence or not. The judgment is affirmed.

*Affirmed.*