## PETTUS v. WEYEL. (No. 6442.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1920. Rehearing Denied Nov. 24, 1920.)

**1. Husband and wife ⬤⟿21—Husband charged with wife's knowledge of madness of their dog.**

Where a husband and wife jointly owned and kept a dog, the husband is chargeable with knowledge on the wife's part that the dog was afflicted with rabies.

**2. Animals ⬤⟿70—Owner of dog liable only after knowledge.**

At common law the owner of a dog was liable for injuries to a person caused by the dog only if he previously had knowledge of facts which would put a person of ordinary prudence on notice that permitting the dog to run at large might cause injury.

**3. Animals ⬤⟿74(5)—Evidence of notice of dog's disease held insufficient.**

Evidence which only showed that defendant's son knew that his dog was sick, without any evidence of the symptoms exhibited by the dog or knowledge of its sickness, by defendant, is insufficient to render defendant liable at common law for personal injuries inflicted by the dog, which was permitted to run at large, though in fact it had rabies.

**4. Municipal corporations ⬤⟿604 — Ordinance prohibiting dogs running at large is valid.**

An ordinance entirely prohibiting owners of dogs from allowing them to run at large is valid.

**5. Municipal corporations ⬤⟿604—Uncertainty held not to invalidate ordinance as to dogs running at large.**

Uncertainty of an ordinance in prescribing the conditions under which an owner of dogs may let them run at large does not invalidate it, since exceptions from an offense previously stated need not be prescribed with the same certainty as that necessary to state the offense.

**6. Courts ⬤⟿121(4)—Separate cause of action for less than jurisdictional amount dismissed.**

Where plaintiff sued in his individual capacity for loss sustained by injuries to his child and as next friend of his child for such injuries, and the suit in his individual capacity, which was a separate and distinct cause of action, was for a sum less than the jurisdictional amount of the court, the suit in such capacity must be dismissed.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by Albert Weyel, in his individual capacity and as next friend of his minor child, Catherine Weyel, against Wheeler Pettus. Judgment for the plaintiff, and defendant appeals. Judgment in favor of plaintiff individually reversed, and the suit in his individual right dismissed, but judgment in his favor as next friend of Catherine Weyel affirmed.

Kampmann, Burney & Browne, of San Antonio, for appellant.

W. H. Kennon and C. A. Goeth, both of San Antonio, for appellee.

MOURSUND, J. We adopt appellant's statement of the nature and result of the suit, as follows:

"Plaintiff sued in his individual capacity and as next friend of his minor child, alleging that defendant and defendant's wife owned a dog that became afflicted with rabies and bit the minor plaintiff, Catherine Weyel, and that, as a result thereof, the said minor suffered in the sum of $20,000; that as a further result he in his individual capacity suffered $500.

"Defendant is charged with having violated a city ordinance in regard to letting dogs run at large, therefore guilty of negligence per se, and is also charged with negligence at common law. Defendant answered that he had not violated the ordinance pleaded, that the ordinance pleaded was a void ordinance, and that he had not been guilty of negligence at common law. The judge held the ordinance to be valid, and the jury found against defendant on all issues submitted, and found that plaintiff individually was damaged in the sum of $150, and that the minor was damaged in the sum of $750, and judgment was duly rendered on said verdict in favor of plaintiff for $150 and the minor plaintiff for $750."

The jury found that Catherine Weyel was bitten by a dog belonging to the defendant, which at such time was maintained by him,

his agent or representative, upon premises owned and controlled by him in the city of San Antonio, and that such dog was afflicted with rabies at the time it bit the child. In answer to special issue 5 the jury found that defendant, his agent or representative, permitted the dog to be at large upon the streets or alleys or public grounds of the city and unrestrained by defendant, his agent or representative, at or immediately before the child was bitten. In answer to special issue 5½ it was found that such condition was the proximate cause of the injuries to the child. In answer to issue No. 6 the jury found that at the time the child was bitten the dog was not under the control of its master, his agent or representative, by means of a chain, rope, or cord, or otherwise by personal presence and attention of such master, his agent or representative, so as to reasonably control its action and conduct. This was found, in answer to issue No. 6½, to have been the proximate cause of the injuries to the child.

It was further found, in answer to special issue No. 7, that for some days immediately prior to the alleged biting of the child the dog was sick and suffering with some character of disease for which he was being treated; and in answer to the next issue it was found that under the circumstances a person of ordinary prudence would not have permitted the dog to be at large and unrestrained. In answer to issue No. 9 it was found that defendant, his agent or representative, was guilty of negligence in permitting said dog to be at large and unrestrained, and in answer to No. 10 that such negligence was the proximate cause of the injury and damage suffered by plaintiff and his child. The other findings relate to the necessity for Pasteur treatment and the amounts of damages determined to have been suffered, and need not be here stated.

By these findings defendant is found guilty of the violation of a certain ordinance of the city of San Antonio, and also of negligence at common law. Appellant's contentions center upon two principal propositions: First, that the ordinance in question is void; and, second, that the evidence does not support a finding that defendant was guilty of negligence at common law.

[1] Under the facts of this case, knowledge on the part of the wife would charge the husband with responsibility. Whether this would be true with respect to knowledge on the part of the minor son may well be doubted. The evidence on this point leaves much to conjecture.

[2] In order to show liability at common law, it is necessary to show that the owner had actual or constructive knowledge of facts which would put a person of ordinary prudence on notice that permitting the dog to run at large might cause injury.

[3] The statement of the son was introduced in evidence to the effect that the dog had been sick for several days and he had been feeding it dog biscuits. Mrs. Pettus testified she had no knowledge of the dog's illness. No proof was adduced concerning the symptoms of the illness so that a jury could conclude that those in charge of the dog, in the exercise of ordinary care, would have confined the dog, on the theory that he might be afflicted with rabies. No proof was adduced that the dog had been a vicious dog when well, or that during his illness he manifested any signs of viciousness, until he bit the child of witness Bihl, which was on the day preceding the one on which he bit Catherine Weyel. There is no evidence that the biting of the Bihl child was communicated to those in charge of the dog until after Catherine Weyel had been bitten. The evidence therefore discloses a case in which knowledge such as would call for restraint of the dog must be inferred solely from the fact that the dog was suffering from some ailment for which the son was feeding it dog biscuits. If the jury is warranted in inferring want of due care from that circumstance, it may be stated as a rule of law that any person who owns a dog which is ill, however slight the illness, is guilty of negligence at common law in not confining the dog, and will be answerable in damages for any injury the dog may inflict. Proof that the dog developed rabies does not warrant an inference that those in charge of the dog were negligent in viewing his illness as ordinary, there being no proof to show that there was anything extraordinary about the symptoms. The evidence shows that even after the dog had hydrophobia and had bitten a number of children the Pettus boy called him to him, took him in his arms, and the dog showed no signs of viciousness. This is mentioned only as showing that there may have been nothing in the acts of the dog while under the notice of those in charge of it which would cause them to think it necessary or advisable to keep it confined.

We conclude that the evidence is insufficient to show negligence at common law.

It becomes necessary, therefore, to consider the question of liability under the ordinance.

The ordinance embraces a number of provisions, but we will copy only those which deal with the matter of letting dogs run at large. One of these reads:

"Provided, that it shall be unlawful for any dog to be at large upon the streets, alleys or public grounds of said city unless the same shall be at all times under the control of its master or its master's servant or agent, by means of a chain, rope or cord of sufficient strength to control the actions of said dog, or such other personal presence and attention as will reasonably control its actions and conduct."

The other reads:

"Every dog which is mad or which has hydrophobia or which shows symptoms thereof shall,

if possible, be at once securely confined until the diagnosis is accurately made. Every dog that has been exposed to such disease shall be at once confined in some secure place for such length of time as to show that such exposure has not given such dog said disease," etc.

The latter of these provisions has no applicability to the facts of this case, for there is no finding or evidence that the defendant, his agent or representative, knew the dog had hydrophobia, nor any finding or any evidence that it manifested symptoms of hydrophobia.

The validity of the first provision, above copied, is attacked on the ground that the language is uncertain and not intelligible, and the meaning thereof not clear, and the crime attempted to be defined is not certain.

[4, 5] We are unable to find any case involving an ordinance similar to this, but there can be no doubt that an ordinance entirely prohibiting letting dogs run at large would be valid. The question therefore is whether that part of the ordinance wherein it is attempted to state in what manner the owner can escape the effect of the general prohibition is so uncertain and vague that it renders the ordinance invalid. Our Court of Criminal Appeals recognizes, in the case of Cogdell v. State, 81 Tex. Cr. R. 66, 193 S. W. 675, relied on by appellant, that there is a difference between what certainty must be prescribed to make an offense from that which exempts from an offense. The ordinance in this case is so drawn that every owner knows that he is safe from prosecution if he keeps his dog from running at large upon the streets, alleys, or public grounds of the city. If he undertakes to avail himself of the provision exempting him from prosecution, he meets with some uncertainty concerning the means to be employed, but finds himself confronted with the necessity of using such means as will control the actions and conduct of the dog. Of course, cases involving other statutes or ordinances are only persuasive authority, and the general rule that an act as definite in meaning as the nature of the subject will allow is sufficiently certain leaves much room for difference of opinion with reference to particular statutes or ordinances. It would serve no useful purpose to attempt to review the authorities on this subject. We conclude that the ordinance is valid. State v. T. & P. Ry. Co., 106 Tex. 18, 154 S. W. 1159; State v. I. & G. N. Ry. Co., 107 Tex. 349, 179 S W. 867; Bradford v. State, 78 Tex. Cr. R. 285, 180 S. W. 702.

[6] It appearing that the suit of Albert Weyel for damages sustained by him asserts a separate and distinct cause of action, in an amount of which the district court does not have jurisdiction, it is evident that the judgment in his favor for $150 must be reversed.

We find no error with respect to the trial of the cause of action asserted by Catherine Weyel, other than the finding that there was negligence at common law. The findings within reference to the violation of the ordinance are sufficient to support the judgment.

The judgment in favor of Albert Weyel, as next friend of Catherine Weyel, for $750, is affirmed. The judgment in favor of Albert Weyel individually is reversed, and the suit in his individual right is dismissed.