**VILLAREAL v. ALEXANDER.** (No. 2231.)

Court of Civil Appeals of Texas. El Paso.
Feb. 7, 1929.

Fryer & Cunningham, of El Paso, for appellant.

E. S. Alexander, of El Paso, in pro. per.

PELPHREY, C. J. Appellee sued appellant in the county court at law of El Paso county, Tex., for $410.10 as damages for injuries alleged to have been received by him from an attack by two dogs belonging to appellant.

Appellee alleged in his original petition that appellant was the owner of and kept two large, savage, ferocious, and vicious dogs at his place of residence; that the disposition of the dogs to attack and bite without provocation was well known to appellant; that appellee was attacked and bitten by both of said dogs while walking along the sidewalk on the street upon which appellant lived; that appellee by reason of said attack and lacerations suffered physical pain and suffering to his damage in the sum of $100; that on account of appellee having been informed and believing that there was an epidemic of hydrophobia prevailing in the neighborhood in which he was attacked, he suffered mental anxiety, pain, and suffering to the extent of $100; that his trousers were destroyed in the attack to his damage in the sum of $10; and that by reason of the wanton, willful, and gross negligence and carelessness of appellant in permitting the dogs to run at large, having knowledge of their vicious propensities, he was entitled to exemplary damages in the sum of $200.

Appellant answered by general demurrer and general denial.

The case was tried before the court, and resulted in a judgment in favor of appellee for $75, from which judgment this appeal has been perfected.

Opinion.

Appellant complains of the court's action in overruling his demurrer, refusing his motion for judgment, and in rendering judgment for plaintiff.

We think it necessary to discuss only the question of the sufficiency of the evidence to support the judgment.

Under the common law it is incumbent on one complaining of the savage act of a dog to prove its vicious propensity, and that defendant had knowledge thereof. 3 Corpus Juris, p. 104, § 340; Triolo v. Foster (Tex. Civ. App.) 57 S. W. 698. And as said by the San Antonio Court of Civil Appeals in the case of Pettus v. Weyel, 225 S. W. 191: "In order to show liability at common law, it is

necessary to show that the owner had actual or constructive knowledge of facts which would put a person of ordinary prudence on notice that permitting the dog to run at large might cause injury."

Appellee was the only witness who testified in the present case, and while his evidence is sufficient to show the vicious propensities of the dogs, we find no evidence showing that appellant had any knowledge of such viciousness.

Under such a state of the record, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.