## WENGENROTH et ux. v. AGOLD.
### No. 8368.

Court of Civil Appeals of Texas. San Antonio.
Feb. 26, 1930.

Rehearing Granted March 19, 1930.
On the Merits April 2, 1930.

Rehearing Overruled April 30, 1930.

W. C. Linden, of San Antonio, for appellants.

Maurice Lehmann, of Boerne, for appellee.

FLY, C. J.

This suit originated in the justice's court of Kendall county, and is a suit for damages by appellee, alleged to have resulted from the death of eleven sheep and injury of four others, by two dogs belonging to appellants; said damages being alleged to amount to $195.

As stated, this cause originated in the justice's court, but there is nothing in the record to indicate how it got into the county court. There is no transcript from the justice's court contained in the record, nothing to indicate that a judgment was rendered in the justice's court, no appeal bond from that court to the county court. Under such circumstances there is nothing to indicate that the county court had jurisdiction, and consequently this court has none. Merrick v. Rogers (Tex. Civ. App.) 46 S. W. 370; Railway v. Jordan (Tex. Civ. App.) 83 S. W. 1105; Ins. Co. v. Pounders (Tex. Civ. App.) 84 S. W. 666; Albritton v. Bank (Tex. Civ. App.) 85 S. W. 1008.

The appeal is dismissed.

### On the Merits.

In a former opinion in this case the appeal was properly dismissed because the record failed to show any transcript of the proceedings and appeal bond from the justice's court in which the case originated. Afterwards, for reasons deemed sufficient, appellants were permitted to obtain an addition to the record showing that the justice's tran-

script and appeal bond had been inadvertently omitted from the record. The record as completed shows that appellee, as plaintiff in the justice's court, recovered of appellants the sum of $100. On appeal to the county court a verdict and judgment was rendered against appellants for $125. The judgment is based on a claim for damages accruing by the acts of dogs of appellants entering the premises of appellee and killing eleven sheep and badly injuring four others.

The evidence shows that appellee found two dogs in his inclosure near the recently killed and wounded sheep. There were eleven dead sheep and four badly wounded. He shot and killed the two dogs. Caroline Wengenroth, the wife, at first claimed the dogs and reproached appellee for killing them, but afterwards disclaimed ownership of them. The testimony clearly showed that the dogs belonged to appellants and that they killed the sheep.

The petition filed in the county court did not allege that the dogs that killed the sheep were vicious and that this fact was known to appellants. This was a defect in the pleadings usually, unless the same were cured by the answer. It is the rule that an omission in the pleading of one party may be cured by allegations on the part of the other, and on demurrer to the petition the averments in the answer may be considered in order to cure the defects in the petition. Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511; Wright v. McCampbell, 75 Tex. 644, 13 S. W. 293; Railway v. Anderson, 76 Tex. 244, 13 S. W. 196. In this case appellants alleged in their answer: "That the two dogs owned by them were around and through the flocks of sheep owned by their nearest neighbors frequently and never killed or harmed any of said sheep or goats, and if they or either of them ever killed or harmed any goats or sheep that fact was wholly unknown to them and had they known such facts, or had notice of any such fact they would have disposed of said dogs or restrained them." Those allegations cured the defective averments in the petition. Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270; Gaston v. Wright, 83 Tex. 282, 18 S. W. 576; Railway v. Miller, 60 Tex. Civ. App. 627, 128 S. W. 1165. There was no necessity for filing written pleadings in the county court, and if defective pleadings were filed it will be presumed that they were made good by oral pleadings. Railway v. Pool, 24 Tex. Civ. App. 575, 59 S. W. 511; Ethridge v. Railway (Tex. Civ. App.) 39 S. W. 204; Vick v. Land Co. (Tex. Civ. App.) 24 S.W.(2d) 735.

The second proposition relates to certain testimony of a certain witness described as "one Noah" as to a conversation he had with the son of Mrs. Wengenroth as to tying up the dogs because they ran deer and rabbits. The bill of exceptions fails to show that the judge ruled on the objections of appellants to the testimony, but if it had been full and explicit in every particular, appellants cannot take advantage of it because Foster Cravy, the son of Mrs. Wengenroth, testified to identically the same facts without objection. He swore: "Yes, Tom Noah talked to me about tying up the young dog; said our dogs were running deer all the time and were running them all out of the country, and if the young dog was tied up the old one would quit, and that if I didn't do it somebody would kill the young dog. I told him I didn't care if they did." The proposition is overruled.

There was no testimony offered or given tending to show that the owners of the dogs had any knowledge of the sheep-killing propensities of the dogs, but, on the other hand, the testimony showed that the dogs had been seen often near and among sheep and had never chased or attempted to kill them. The testimony showed beyond reasonable doubt that the dogs did kill the sheep of appellee, but indicates that it was their first offense. If it was their first murderous attack on sheep, they showed a bloodthirstyness that could not be surpassed by old offenders. Under the common law it was required that in order to render the owners of vicious animals liable in damages for their destruction of the property of others, they must have had actual or constructive knowledge of such facts as would put persons of ordinary prudence on notice that if the animals were allowed to run at large they would depredate upon the property or invade the rights of others. Pettus v. Weyel (Tex. Civ. App.) 225 S. W. 191; Villareal v. Alexander (Tex. Civ. App.) 13 S. W. (2d) 712. The first decision was written by Judge Anton Moursund, then a member of this court, and a writ of error was refused by the Supreme Court. The decision in the second case was written by the Court of Civil Appeals of the El Paso District, and closely followed the opinion of this court.

The evidence does not sustain the verdict, and the judgment is reversed, and the cause remanded.