## COLLIER v. EDWARDS et al.
### No. 2549.

Court of Civil Appeals of Texas. Eastland.

May 24, 1946.

Stinson, Hair, Brooks & Duke, of Abilene, T. R. Odell, of Haskell, and T. E. Knight, of Aspermont, for appellant.

R. Temple Dickson, of Sweetwater, and H. F. Grindstaff, of Rotan, for appellees.

LONG, Justice.

This is a suit for damages filed by Mrs. Belle Collier against W. F. and S. E. Edwards. Mrs. Collier alleges that she was the owner of a flock of sheep situated in Stonewall County, Texas, and that on or about the 5th, 6th or 7th of December, 1941, dogs belonging to defendants entered her pasture and killed 35 of said sheep. Plaintiff further alleged that the dogs that killed her sheep were vicious and were known by defendants to be vicious. A trial was had before the court and jury. At the conclusion of plaintiff's testimony the court directed a verdict in favor of defendants. Judgment for the defendants was entered based upon such directed verdict, and plaintiff has appealed.

W. F. Edwards, referred to in the record as Boss Edwards, is the father of S. E. Edwards. Mrs. Collier's sheep were situated on the land owned by her father, Mr. J. F. Lee, which said land was located 4 or 5 miles from the home of Mr. Boss Edwards. On the nights of December 5th, 6th and the day of December 7th three dogs, one black, one white and one red, attacked the sheep and killed some 35 of them. On Sunday, December 7, 1941, Mrs. Collier and a man employed by her killed the white dog. Mrs. Collier and her father began making a search in an effort to try to locate the black and red dogs that had helped kill her sheep. They made trips to various places in the community, and on the following Tuesday went to the home of Mr. Boss Edwards and there had a conversation with him with reference to the dogs. From the testimony of Mrs. Collier, with reference to such conversation, we quote:

"Q. Did you get to Mr. Edwards' house? A. He came around and met us. I said: 'I am looking for a black and a red dog.' He says: 'Here's the black dog and the red dog is at my son's.' I said: 'They are sheep killing dogs;' and I said: 'What about the white dog with the left black ear?' He said: 'That's my dog too.' He said: 'They come home bloody and I knew they had been in something. They chewed up a fine sow for me.' When we went to kill the black dog he said: 'this dog smells like a sheep;' and I said, 'they killed my sheep;' and he said, 'we are going to have to get more hunting dogs.' We took the black dog on and Mr. Edwards killed it. Papa asked him if his son would kill the red dog and he said, 'yes.' We went to Mr. S. E. Edwards house and a little girl came out to meet us and said he wasn't there and Mr. Edwards said: 'We are going to have to kill the dog. You tell him in the morning. You will have to kill this dog and tie the dog till your daddy comes.' "

From the record we believe that plaintiff established sufficient facts to raise an issue as to the ownership of the dogs that killed her sheep. However, we believe that the evidence is insufficient to raise an issue for the determination of the jury on the question of knowledge by the defendants of the vicious character of the dogs prior to the date of the alleged killing of the sheep in question. In order for plaintiff to recover in this case it was necessary for her to show that the owners of the dogs had actual or constructive knowledge of facts which would put them on notice of the vicious nature of their dogs. In the case of Dakan v. Humphreys, 190 S.W.2d 371, 373, recently before this court, in which Humphreys sued Dakan for damages caused by defendant's dogs killing plaintiff's sheep and goats, opinion by Judge Grissom, this court held:

"It is necessary in such a case to show that the owner of a dog had actual or constructive knowledge of facts which would have put a person of ordinary prudence on notice that permitting his dog to run at large might cause injury to another. Pettus v. Weyel, Tex.Civ.App., 225

S.W. 191, writ refused; Villareal v. Alexander, Tex.Civ.App., 13 S.W.2d 712; Wengenroth v. Agold, Tex.Civ.App., 27 S.W.2d 294; Herring v. Schingler, Tex. Civ.App., 101 S.W.2d 394; Clarendon Land Investment & Agency Co. v. McClelland, 89 Tex. 483, 34 S.W. 98, 31 L.R.A. 669, 59 Am.St.Rep. 70, Ibid. 89 Tex. 483, 35 S.W. 474, 31 L.R.A. 669, 59 Am.St.Rep. 70."

There is no evidence in the record to show that S. E. Edwards had any knowledge of the vicious nature of his dog. The evidence relied upon by plaintiffs to establish knowledge of Boss Edwards of the vicious nature of his dogs was the conversation had by Mrs. Collier with Mr. Edwards, as set out above. From this conversation it is shown that Mr. Edwards said that the dogs had torn up a fine sow of his, but there is nothing in the record to show that the acts of the dogs in injuring his sow was prior to the time that Mrs. Collin's sheep were killed. We believe that the evidence is insufficient to meet the requirements of the law to establish that the defendants had actual or constructive knowledge which would put a person of ordinary prudence on notice that permitting their dogs to run at large might cause injury to another. The action of the trial court in directing a verdict favorable to the defendants was proper.

There is no motion in the record for a directed verdict filed on behalf of the defendants in the court below. Under the authorities this was not necessary. The trial court had the authority to direct a verdict favorable to the defendants upon his own motion. Harvey v. Elder, Tex. Civ.App., 191 S.W.2d 686; Rudco Oil & Gas Co. v. Gulf Oil Corporation, Tex.Civ. App., 169 S.W.2d 791.

The judgment of the trial court is affirmed.