WITTLIFF v. PIERCE.  (No. 11543.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 8, 1927. Rehearing Denied Feb. 12, 1927.)

1. **Corporations** ⬤═306—Recovery could not be had against corporation's agent, making agreement under petition charging he made agreement as agent for corporation.

In action by stock salesman against corporation and its agent to require repurchase of stock from plaintiff under agreement alleged to have been made by agent in behalf of corporation, no recovery could be had under petition against agent for agreement by agent made in individual capacity.

2. **Pleading** ⬤═403(2)—Judgment will not be reversed for petition's omission of essential allegation, where supplied by answer.

Judgment will not be reversed for omission of essential allegation from petition, where answer supplies allegation omitted.

3. **Pleading** ⬤═403(3)—Petition failing to set forth promise made by corporation's agent in individual capacity held not cured by answer so as to support recovery against agent.

In action by stock salesman against corporation and its agent in which plaintiff alleged agent promised in behalf of corporation to repurchase stock, defect of petition in failing to state agreement was in fact made by agent in individual capacity, on which finding plaintiff recovered against agent, *held* not cured by answer alleging that agent individually was sole party contracting with plaintiff.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by G. B. Pierce against H. A. Wittliff & Co., H. A. Wittliff, and others, in which the defendant H. A. Wittliff interposed a cross-action. Judgment for plaintiff against H. A. Wittliff, and defendant H. A. Wittliff appeals. Reversed and remanded.

Muse & Muse, of Dallas, for appellant.
Austin F. Anderson, of Fort Worth, for appellee.

BUCK, J.  G. B. Pierce filed suit against H. A. Wittliff & Co., alleged to be a corporation, with H. A. Wittliff as president, and H. A. Wittliff and R. W. Sandifer, individually. Plaintiff alleged that during the months of April and May, 1924, plaintiff was employed by an insurance company, of which H. A. Wittliff was general agent for the state of Texas, and that plaintiff was earning during the said time an average of $1,200 to $1,500 a month; that during the latter part of July, 1924, plaintiff was approached by H. A. Wittliff, with a proposition that he undertake for the defendant H. A. Wittliff & Co. and H. A. Wittliff to place and sell shares of stock of the H. A. Wittliff & Co.; that said H. A. Wittliff, as agent of H. A. Wittliff & Co., represented to the plaintiff that said company

had made application to the secretary of state for permission to increase its capital stock from its then authorized capital of $5,000 to $250,000; that there would be some $250,000 worth of capital stock of the H. A. Wittliff & Co., to dispose of to the public, in the event that the said secretary of state should grant the application of the defendant, H. A. Wittliff & Co., for authority to so increase its capital stock; that the said H. A. Wittliff, agent as aforesaid, represented to this plaintiff that the latter could materially increase his net monthly earnings, and at the same time perform a valuable service for the said defendants, and that, pursuant to said negotiations, plaintiff entered into an agreement with the said defendant H. A. Wittliff & Co. and the defendant H. A. Wittliff, individually, as hereinafter set out. He further alleged that H. A. Wittliff & Co., by its duly authorized president and agent, H. A. Wittliff, entered into an agreement with the plaintiff whereby the plaintiff agreed to devote his services for a period of 60 days after August 1, 1924, for the purpose of selling to the public shares of capital stock of said H. A. Wittliff & Co., and plaintiff was to give all of his time to the sale of said capital stock in consideration of the agreement and promise made to him by the said H. A. Wittliff & Co. through its said agent, H. A. Wittliff; that said company agreed to pay plaintiff $600, $300 payable September 1, 1924, and $300 payable October 1st, and further agreed that H. A. Wittliff & Co. would pay all of plaintiff's expenses incurred during said 60-day period in carrying out his said agreement, and would pay the difference between the purchase price of a new automobile of the kind he was using and his old one.

Plaintiff further alleged that the defendants agreed and promised plaintiff that, if he would devote his time for 60 days to the selling of said stock of the H. A. Wittliff & Co., the defendants would issue and deliver to plaintiff certificates of stock in said H. A. Wittliff & Co., to the amount of $2,000, and further agreed, upon 20 days' notice, to pay plaintiff $2,000 for said stock.

Plaintiff further alleged that he had performed the duties devolved upon him by reason of the contract, and had spent the 60 days, the term of the contract, selling stock for the H. A. Wittliff & Co., and had sold a large amount of stock, and that he was entitled, not only to the $600, which amount had been paid to him, but to $250, which he alleged he had paid as the difference between his old automobile and a new one, and he prayed for this amount and the $2,000 which he alleged defendants had promised to pay him for the stock which they had promised to issue to him if he would continue at work for the said 60 days.

Defendants H. A. Wittliff & Co., H. A. Wittliff, and R. W. Sandifer, individually, filed an amended original answer on April 22, 1925, in which they pleaded certain special exceptions and a general demurrer and a general denial, and by way of cross-action the defendant H. A. Wittliff, alleged to be conducting the business of a life insurance agency, under the style and name of "W. A. Wittliff Agency," sued on a note alleged to have been executed by the plaintiff in favor of the H. A. Wittliff Agency in the sum of $2,000, said note being dated July 24, 1924, at Selina, Tex., and being given to secure the payment of $2,000 for 20 shares of stock in the H. A. Wittliff & Co., a corporation. It was alleged that said certificate of stock was duly indorsed in blank by plaintiff, and pledged with H. A. Wittliff as collateral security for the payment of said note. H. A. Wittliff asked for a judgment for the face of the note, attorneys' fees, and costs.

H. A. Wittliff further answered, denying the allegations of plaintiff as to the promise to issue 20 shares of stock to the plaintiff, and that the defendants would pay him, upon 20 days' notice, the face value of the stock, if the plaintiff would continue for 60 days in the effort to sell the stock of H. A. Wittliff & Co., but alleged that H. A. Wittliff had agreed with plaintiff that, if plaintiff sold $100,000 of such stock within the two months, he would cancel the $2,000 note above mentioned.

The cause was submitted to a jury on special issues, which, with the answers thereto, are as follows:

"(1) In addition to the salary and expenses paid to the plaintiff, G. B. Pierce, as a stock salesman for August and September, 1924, did H. A. Wittliff, on or about August 5, 1924, agree with the plaintiff, G. B. Pierce to cancel the $2,000 note in evidence, and give him $2,000 in stock in the H. A. Wittliff & Co., a corporation, introduced in evidence, and upon the termination of said 60 days' employment, upon 20 days' notice, to purchase said $2,000 in stock from the plaintiff, and pay him $2,000 therefor? Ans. Yes.

"(2) In addition to the salary and expenses paid to the plaintiff, G. B. Pierce, as a stock salesman for August and September, 1924, did H. A. Wittliff, on or about August 5, 1924, agree to pay to the plaintiff such difference as he might have to pay in exchanging his old Ford car for a new one? Ans. Yes.

"(3) If you have answered special issue No. 2 in the negative, then you need not answer this question, but, if your answer be in the affirmative, then state: Did the plaintiff exchange his old Ford car for a new one, and, if so, what was the difference paid by him in such exchange, if any? Ans. ———.

"(4) In addition to the salary and expenses paid to the plaintiff, G. B. Pierce, as a stock salesman for August and September, 1924, did H. A. Wittliff, on or about August 5, 1924, agree with the plaintiff, G. B. Pierce, to cancel the $2,000 in stock in the H. A. Wittliff & Co.,

corporation, introduced in evidence, provided and conditioned upon the said G. B. Pierce selling $100,000 worth of stock in said corporation belonging to H. A. Wittliff? Ans. No.

"(5) If your answer to the above and foregoing special issue be in the negative, you need not answer this question, but, if your answer be in the affirmative, then state: Did G. B. Pierce sell for H. A. Wittliff $100,000 of his stock in the said H. A. Wittliff corporation during August and September, 1924? Ans. ———.

"The burden of proof is upon the plaintiff to prove by the preponderance of the evidence (and by the preponderance of the evidence is meant the greater weight of the testimony) the affirmative of special issue Nos. 1 and 2, and the difference, if any, as inquired about in special issue No. 3.

"The burden of proof is upon the defendant to prove the affirmative of special issue No. 4 and the negative of special issue No. 5."

The court gave the jury a peremptory instruction to find for H. A. Wittliff & Co. and defendant Sandifer. Upon this verdict of the jury the court rendered a judgment for plaintiff as against H. A. Wittliff, individually, in the sum of $2,000. From this judgment defendant H. A. Wittliff has appealed.

### Opinion.

[1] The evidence showed that the stock that was sold by plaintiff, shown to be only $12,000, was not owned by H. A. Wittliff & Co., a corporation, but was owned by H. A. Wittliff individually. Appellant in his propositions attacks the judgment below on the ground that, where plaintiff sues upon a contract alleged to have been made by a corporation and its agent, and by the agent individually to sell for the corporation its capital stock, and a recovery is had upon the finding by the jury upon a special issue submitting a contract by the agent individually to sell stock not belonging to the corporation, the judgment is not supported by the pleadings of the plaintiff; that therefore there is a variance between the pleadings and evidence, and the trial court erred in not giving the requested peremptory instruction for appellant. Appellee agrees that appellant has made a concise statement of the nature and result of the suit, and that it is entirely adequate for the purposes of this appeal. He urges that where the plaintiff's petition fails to make a necessary averment of fact, but the omission is supplied by such an allegation in the answer, the judgment should be sustained. He further urges that after a verdict, matters alleged in the answers shall be taken to supply defects and deficiencies in the petition, and the pleadings of both parties must be construed together. In his statement under his counter propositions, appellee sets out certain allegations contained in his petition as follows:

"That during the latter part of July, A. D. 1924, this plaintiff was approached by the said

H. A. Wittliff, with a proposition that this plaintiff * * * should undertake for the defendant H. A. Wittliff & Co. and H. A. Wittliff to place and sell shares of stock of the said H. A. Wittliff & Co.; * * * that, pursuant to said negotiations, plaintiff entered into an agreement with the said defendant, H. A. Wittliff & Co., and the defendant H. A. Wittliff individually, as hereinafter set out."

Then follow allegations that H. A. Wittliff & Co. agreed to pay plaintiff $600, and all expenses for a period of 60 days. The petition continues:

"That said defendants agreed further * * * the said defendants would pay, at the expiration of said sixty (60) day period, the cash difference, etc.; * * * the defendants have hitherto failed and refused and do still fail and refuse to pay this plaintiff," etc.

Paragraph 2 of plaintiff's said original petition continues:

"That plaintiff further alleges that in addition to the matters hereinabove set out in paragraph 1 as having been agreed upon between the plaintiff and the defendants as a part of this plaintiff's remuneration * * * the defendants agreed and promised this plaintiff * * * the defendants would issue and deliver to this plaintiff certificate of stock in H. A. Wittliff & Co.; to the amount of Two Thousand and No/100 ($2,000) Dollars * * * that the said H. A. Wittliff, agent as aforesaid, acting for and on behalf of the said H. A. Wittliff & Co., represented to this plaintiff * * * that the defendant corporation would, upon 20 days notice from this plaintiff * * * take up said stock and pay over to plaintiff the sum of $2,000, the same being the par value of said stock."

That paragraph 3 of plaintiff's said original petition then continues:

"This plaintiff demanded of the defendants that they deliver to him said certificates of ownership of $2,000 worth of the capital stock of the corporation as the defendants had agreed to do; that, more than 20 days next preceding the filing of this petition, the plaintiff requested of the defendant H. A. Wittliff, and the defendant H. A. Wittliff & Co., that said defendants take up said stock and pay over to this plaintiff the said sum of $2,000 in accordance with the agreement heretofore had between this plaintiff and said defendants."

He further urges that in various places in his petition he alleges that the defendants made the promises upon which plaintiff sued, and that the defendants H. A. Wittliff and H. A. Wittliff & Co. and R. W. Sandifer filed a joint answer. He relies upon a portion of the defendants' answer to supply any allegation wanting in the plaintiff's petition as follows:

"And for further answer to plaintiff's petition defendants say that said $2,000 note is the only $2,000 note executed by the plaintiff, and none was executed by him to said corporation or to the defendants herein other than as shown by the face of the note set out, viz. to the H. A. Wittliff Agency; that H. A. Wittliff, individually, was the sole party contracting with the plaintiff as to any matter in relation to said note or shares of stock in said corporation, and in any employment of the plaintiff the facts of which are hereinafter stated."

He urges that the original petition, taken as a whole, pleads a contract with H. A. Wittliff & Co. and H. A. Wittliff individually, and that it is clear that the contract alleged was with both parties. He cites the cases of Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270, and American Nat. Bank v. Haggerton, 250 S. W. 279, 286, by the Amarillo Court of Civil Appeals, in which last-named opinion the court said:

"The rule is well established in this state that where the plaintiff's petition fails to make a necessary averment of fact, but the omission is supplied by such an allegation in the answer, even though where a demurrer to the petition upon that ground is overruled, the defect in the petition is unimportant, and the appellate court is not justified in reversing the case for that reason"—citing authorities.

[2, 3] We agree with the rule as laid down by the Supreme Court, but do not agree that the statement quoted from defendants' answer that the $2,000 note is the only $2,000 note executed by the plaintiff, and that none was executed by him to said corporation or to defendants herein other than as shown by the face of the note, and that "H. A. Wittliff, individually, was the sole party contracting with the plaintiff as to any matter in relation to said note or shares of stock in said corporation, and to any employment of the plaintiff," supplies the necessary allegation that plaintiff contracted with H. A. Wittliff individually to sell his individual stock, and that H. A. Wittliff, individually, promised plaintiff that he would issue, or cause to be issued, said $2,000 worth of stock in the H. A. Wittliff & Co. corporation, and upon 20 days' notice would pay to plaintiff the value of the stock, if plaintiff continued in the service of H. A. Wittliff for 60 days.

Plaintiff's petition in paragraph 2 thereof alleges:

"That plaintiff further alleged that, in addition to the matters hereinabove set out in paragraph 1 as having been agreed upon between this plaintiff and the defendants as a part of the plaintiff's remuneration for his services during said 60-day period as aforesaid, the defendants agreed and promised plaintiff that, if he would devote his time for 60 days to the sale of the said stock of said H. A. Wittliff & Co., the defendants would issue and deliver to this plaintiff certificates of stock in the said H. A. Wittliff & Co. to the amount of $2,000 of the said capital stock of said corporation; that this plaintiff at first objected to accepting certificates of ownership for $2,000 worth of said capital stock in said corporation, and informed the said H. A. Wittliff & Co. and the said H. A. Wittliff that he was not in a position to invest $2,000 in said stock, and that the only value that he could and would attach to said certificate of stock would be the

cash value that the same might have upon demand; that the said H. A. Wittliff, agent aforesaid, acting for and on behalf of the said H. A. Wittliff & Co., represented to this plaintiff that, if the plaintiff would accept said $2,000 worth of the capital stock of said corporation as remuneration, in addition to that hereinabove set out for his services for a period of 60 days, the defendant corporation would, upon 20 days' notice from this plaintiff, in the event that for any reason plaintiff should decide that he would prefer not to keep said stock, take up said stock and pay over to this plaintiff the sum of $2,000, the same being the par value of said stock."

In this petition it is specifically alleged that the contract contemplated the sale of the stock of H. A. Wittliff & Co., and that H. A. Wittliff, agent of the H. A. Wittliff & Co., and acting for and on behalf of his principal, represented to the plaintiff that, if plaintiff would accept said $2,000 of the capital stock of said corporation as remuneration, in addition to that hereinabove set out, the defendant corporation would, on 20 days' notice from the plaintiff, in the event that for any reason plaintiff should decide that he would prefer not to keep said stock, take up said stock, and pay over to the plaintiff the sum of $2,000, the same being the par value of said stock.

The jury did not find for plaintiff upon any issue submitted to them for recovery, except upon the allegations in this paragraph. Upon the allegations made in this paragraph the judgment must stand or fall. We do not think that the pleadings of plaintiff supported the submission of issue No. 1 as given. There were no pleadings in express terms that H. A. Wittliff, individually, agreed to cancel the note given by G. B. Pierce, and pay to him the $2,000 for the stock, and we do not think that this necessary allegation can be supplied by the use of the word "defendants" in other parts of the petition.

For the reasons given, we conclude that the judgment below must be reversed. We conclude, further, that the appellant's plea that the judgment be reversed and judgment rendered for him should be overruled.

Judgment reversed and remanded.