Guarantee Saving, Loan & Investment Company et al. v. V. Cash

### No. 1518.    Decided March 12, 1906.

**1.—Mechanics' Lien—Several Houses under One Contract.**

Under a single contract for erecting three houses upon three different lots, two of them contiguous and the third situated in another block, the builders' lien did not attach to each house and lot for the contract price of all, but each was subject to the lien for the proportion of the labor and material only which entered into its construction. (Pp. 556-559.)

**2.—Same.**

Continuous lots on which distinct houses are erected under one contract by which the owner treats them as one property become subject as a whole to the lien for the entire contract price (Lyon v. Logan, 68 Texas, 521). But the statute (Rev. Stat., arts. 3294, 3300), while contemplating one improvement, constituting an entirety, to be affected by the lien without regard to the character of structures, also contemplates their location on one body of land; and the fact that the contract is an entire one for several buildings, on distinct lots, does not warrant the attaching of the lien for the entire cost to each distinct lot and structure. (Pp. 557, 558.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Johnson County.

Cash sued Athens and others to foreclose a builder's lien. The Loan Company and Blocker and wife, each a claimant under Athens of a separate lot improved under the contract, appealed from a judgment foreclosing a lien for the entire contract price against the property claimed by them respectively. On affirmance they obtained writ of error.

*Standford & Watkins* and *S. C. Padelford,* for plaintiffs in error.— Our statute gives a mechanic and material man's lien only on a house built or improvements made and the lot or lots necessarily connected therewith and where separate and distinct houses have been built upon

separate and distinct lots, the material and labor furnished for building or completing one house on one lot does not create a lien upon another separate and distinct lot. Sayles Stat., art. 3294; Chapin v. Persse & Brooks Paper Works, 30 Conn., 461, 79 Am. Dec., 263; Wilcox v. Woodruff, 61 Conn., 578, 17 Law Rep. Ann., 314; Bagger Lumber Co. v. Holmes, 44 Nebraska, 244; Eufala Water Co. v. Addyston Pipe Co., 89 Ala., 552; Hill v. Braden, 54 Ind., 72; McGrew v. McCarty, 78 Ind., 496.

*J. M. Moore,* for defendant in error.—The material and labor used by appellee on the three houses being furnished under a single contract, his lien attached to all the lots, irrespective of the amount of material used on each. Lyon v. Logan, 68 Texas, 521.

Appellee's contract with Athens being a single and entire contract to paint and paper the three houses for so much, his lien for such service attached to each and all of the lots for his entire claim, and it did not devolve on him to allege and prove how much material and labor was expended on each house. Lyon v. Logan, 68 Texas, 521; Maryland Brick Co. v. Spilman, 17 Law Rep. Ann., 599.

The fact that the lots were not "contiguous" is not material. Wilcox v. Woodruff, 17 Law Rep. Ann., 314; Maryland Brick Co. v. Spilman, 17 Law Rep. Ann., 599; Menzel v. Tubbs, 17 Law Rep. Ann., 815; Sergeant v. Denby, 87 Va., 206; Bohn Sash and Door Co. v. Case, 42 Neb., 281; Chadbourn v. Williams, 71 N. C., 444; Williams v. Judd-Wells Co., 91 Iowa, 378.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by defendant in error against W. J. Athens to recover the contract price for labor and material performed and furnished in painting and papering three houses located upon as many lots in Cleburne, and to foreclose a statutory lien upon the buildings and lots. One of the lots was claimed under Athens by the Loan & Investment Company, another by T. W. and Emma Blocker, and the third by A. M. Morgan, all of whom, with others who need not be further noticed, were made parties defendant. Upon the trial in the district court, Morgan succeeded in defeating the lien set up against his lot upon the ground that plaintiff had estopped himself from asserting it, and a judgment was rendered in plaintiff's favor against Athens for the amount of the demand, and against the Loan Company and Blocker and wife foreclosing the lien for the whole amount against the lots claimed by them. This judgment, upon the appeal of the two last named, having been affirmed by the Court of Civil Appeals, the case is now before us on the writ of error granted upon their application.

It appears that two of the three lots were in the same block and were contiguous, while the third was in another block and separated from the others by a street. The demand sued upon was due on a contract for the entire price which Athens agreed to pay for painting and papering the three houses, and no attempt was made to show the value of the labor done and material furnished for the improvement of either of the houses. The houses were entirely distinct and separate from each other,

and no lien was expressed in the contract sued upon. We thus have the question whether or not, under such circumstances, the statute can be held to give a lien upon all of the houses and lots for the whole price of the work and materials.

In the decisions of some of the states this question is answered in the affirmative, and, in others, in the negative. Necessarily all such questions are controlled by the local statutes, and the decisions first mentioned do not distinctly show the provisions upon which they are based. We must follow what we find to be the true meaning of our own legislation upon the subject and therefore deem it unnecessary to closely examine the reasoning by which those decisions are reached.

Article 3294, Revised Statutes, gives to one who may labor or furnish materials, etc., to erect or repair any house, building or improvement, a lien upon "the house, building, fixtures, improvements" and on the "lot or lots of land necessarily connected therewith." Article 3299 provides that in filing the contract to fix the lien, the claimant shall give a description of the "house, building or improvement and the *lot* or *tract* of land." Article 3300 provides: "If this lien is against land in a city, town or village, it shall extend to or into the lot or lots upon which such house, building or improvement is situated, or upon which such labor was performed, and if the lien is against land in the country, it shall extend to and include fifty acres upon which such house, building or improvement is situated, or upon which such labor has been performed."

The leading purpose running through these and the other provisions of the statute is to secure persons furnishing labor or materials in improving land by a lien upon that into which the labor or material has entered, i. e., the structures and the land to which they are attached. As to the improvements, the same purpose is expressed in the constitution, article XVI., section 37. Evidently the statute contemplates one improvement constituting an entirety to be affected by the lien to secure the value of the work, material, &c., which made it, and not that one improvement is to be charged with the cost of an entirely different one. Upon the question thus suggested, as to what shall be considered one improvement for this purpose, there is room for different constructions of the statute. Some authorities in other jurisdictions hold, in substance, that this is to be determined by the character of the structures, and that if they are separate and distinct in their construction and the purposes for which they are erected, although all be located on one body of land, the lien can only attach to each for the value of the things which entered into it. Others hold, that if the improvement be made under an entire contract for the whole and be located upon one body of land, this makes it one improvement, although there be several separate houses. Still others regard entirety of contract as the only essential and treat the lien arising out of such a contract as attaching to all of the improvements and all the land on which they are situated, although the latter consists of several parcels separated from each other by other land. The decision of this court in Lyon v. Logan (68 Texas, 521), rejects the first proposition and affirms the second. While the third was not involved in that case it seems to be excluded

by the careful statement of the reasons upon which the decision is founded. In stating the view sustained by this class of decisions, we have included, as an element, that the land improved should consist of one body—be one thing—and such we understand to be the doctrine. It is because the land improved is one, that the improvement is regarded as one. It is true that in Lyon v. Logan, and in other cases of its class, several lots, according to the town or city divisions, were improved; but that was not regarded as decisive. As they lay together they at last constituted one continuous body or area which the owner, disregarding artificial divisions, had the right to treat as a unit, and which he had so treated by his contract for the improvement of the whole. Judge Stayton says: "So long as he treats such lots as one property, by making one contract for material to be used on all of them, without designating what part of the material is to be used on one lot or another, so long may the materialman treat the lots as one piece of property in fixing his lien upon it." This is said of contiguous lots which might be covered by one enclosure, or by one connected improvement of any character and which, therefore, were not necessarily to be regarded as separate parcels of land, unless the owner so used and treated them. The same view was expressed in Batchelder v. Rand, 117 Mass., 177, where it was said: "They (the lots) constituted one parcel of land owned by the same parties, which they could divide as they pleased and upon any portion of which they could erect buildings. The contract was an entire contract to perform labor and furnish materials upon two houses situated on this parcel of land, and a lien attaches upon the whole estate for the value of the labor and material so furnished." This reasoning would furnish a fair basis for legislation to proceed upon, but we must confess our difficulty in getting such a rule out of our existing statutes; especially when we look to article 3300, which, in terms, refers to town or city lots. Conceding it as established, it by no means justifies such construction of our law as would be necessary in order to apply the third view above stated with reference to improvements upon several parcels of land which do not adjoin. That view is that the character of the contract and not the actual situation of the property is the decisive element. The lien is not given by the contract but by the statute, and that does not make the character of the contract at all important. It attaches the lien to an improvement upon land, treating the land and the improvement as one, for the labor and material which have gone into such improvement and because they have gone into it, and not because of the particular form of contract under which it was done. The lien is given upon the house, building, improvement, &c., and upon the "lot or lots" of land, or the "tract" of land necessarily connected therewith. This refers the inquiry to the facts existing and not to the contracts of the parties. The contract can not change the actual situation of parcels of land separated from each other by intervening lands and make them one, nor can it locate upon or necessarily connect with one an improvement actually made on the other, and yet this would have to be done in order, under the terms of the statute, to give the lien claimed upon all for improvements upon each. If this view were admitted, we see no reason why it would not allow

a lien under such a contract upon lots in different towns or cities, or upon widely separated tracts of land in the country, or upon both. Of course, the Legislature might authorize this but the provisions made contemplate no such thing, and we can not extend them by construction to embrace cases not fairly falling within their terms. The case of Lyon v. Logan goes as far as the most liberal interpretation of the statute will permit. The judgment must therefore be reversed and the cause will be remanded to give plaintiff an opportunity to establish, if he can do so, a lien upon each of the lots with its improvement for the price of the labor and material expended on it.

, Since we hold that there was no lien affecting all of the lots, we need not consider the other question raised as to what would otherwise have been the effect of the discharge of the lien on Morgan's lot upon that asserted against the others.

The defendants offered evidence to show a lien held by them upon some of the property claimed to have been superior to that asserted by plaintiff, which evidence was excluded on the ground that their pleadings were not sufficient to admit it. As this objection may be obviated by amendment, should the evidence become important in further proceedings, it is unnecessary that we discuss the sufficiency of the present pleadings, in the absence of special exceptions, to admit the evidence. They are, to say the least, extremely vague and general.

*Reversed and remanded.*