**METROPOLITAN CASUALTY INS. CO. v. CHEANEY et al.**

No. 7485.

Court of Civil Appeals of Texas. Austin.

Oct. 22, 1930.

On Rehearings Nov. 26, 1930, Dec. 18, 1930.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, and Terrell, Davis, McMillan & Hall, of San Antonio, for plaintiff in error.

Geo. C. Purl and G. Drummond Hunt, both of Dallas, for defendant in error Mosher Steel & Machinery Co.

Upton & Upton, of San Angelo, for defendants in error A. T. Cheaney, Vaughn Miller, Southwest Seating Co., Findlater Hardware Co., Medart Mfg. Co., and J. K. Wright.

BAUGH, J.

This case arose as follows: The Thomas-Sable Construction Company contracted on April 11, 1928, with the San Angelo board of education to repair and enlarge five of the public school buildings of San Angelo, at an aggregate cost of $146,000. A separate contract, however, was made for each building. As required by article 5160, R. S., 1925, as amended by Acts 1927, 1st Called Sess., c. 39, said construction company, hereinafter designated as the Contractor, executed five bonds with plaintiff in error as its surety. The written application made by the contractor to said surety to make said bonds for it contained the following:

"That in further consideration of the execution of said bond, the undersigned hereby assigns, transfers and conveys to the Company all the deferred payments and retained percentages, and any and all moneys and properties that may be due and payable to the undersigned at the time of any breach or default in said contract, or that thereafter may become due and payable to the undersigned on account of said contract, or on account of extra work or materials supplied in connection therewith, hereby agreeing that such money, and the proceeds of such payments and properties shall be the sole property of the Company and to be by it credited upon any loss, cost, damage, charge and expense sustained or incurred by it under said bond.".

The work was satisfactorily completed and accepted by the school board. At that time the school board owed the contractor and had withheld from it, in accordance with previous agreements between the board, the contractor, and the surety, the sum of $25,380.55. There were numerous outstanding accounts owed by the contractor for labor and materials furnished it in said work, which the contractor was unable to pay. One of these creditors, A. T. Cheaney, brought this suit against said contractor to establish his debt, against the school board to have same paid out of the retained funds in its hands, and against plaintiff in error, which was claiming said fund under the alleged assignment to it above set out. Numerous other creditors intervened and set up their claims which, as against the contractor, are not here controverted. The trial court rendered judgment in favor of said creditors against the contractor for the amount of their respective claims, and ordered same paid out of the funds in the hands of the school board; and for the surety company against said contractor for the amount of its debt against said construction company, and that the school board pay to said surety the balance remaining in its hands after payment first of the other creditors, defendants in error here. The surety company has appealed.

It appears that the defendants in error had not complied with the requirements of article 5160, R. S. 1925, as amended by Acts of 1927, 40th Legislature, First Called Session, p. 114, chap. 39, by filing their claims in such manner and time as to secure the payment of same under said bonds. They did, however, by giving notice to the school board prior to January 1, 1929, fix a lien on the moneys in its hands, as authorized and provided for in articles 5472a and 5472b, R. S. 1925, as amended by Acts 1925, c. 17 (Vernon's Ann. Civ. St. arts. 5472a, 5472b), thus impounding in the school board's hands, for the benefit of such creditors, the funds yet due said contractor, unless the plaintiff in error were at that time entitled to said funds under the alleged assignment to it by the contractor above set out.

It also appears that Wm. Cameron & Company had furnished said contractor materials for said work aggregating $13,063.40; that the Lydick Roofing Company had furnished same amounting to $1,020.15; that they had filed their accounts with the county clerk as prescribed by article 5160, as amended by the Act of 1927, supra, thus securing same under said bonds; and that plaintiff in error had in April, 1929, paid those accounts for said contractor. These two creditors, however, have made no claims against said contractor, nor against said school board for any part of the funds here involved.

The first and principal issue raised in this appeal is the right of the plaintiff in error under said alleged assignment to the funds in the hands of the school board, as against creditors furnishing materials and labor to said contractor without notice of said assignment.

■ In the construction of public buildings, the materialman and laborer can fix no lien upon the building and must, in case of failure or inability of the contractor to pay them, rely entirely upon the surety on such contractor's bond, or upon funds retained by the district or municipality. The creditors here involved are not relying upon the contractor's bond, but are seeking to fix and foreclose a lien upon such retained funds.

■ The trial court found that such creditors had given to the school board prior to January 1, 1929, notice of their claims as required by article 5472a, R. S. 1925, as amended by Acts 1925, c. 17 (Vernon's Ann. Civ. St. art. 5472a); and that neither they nor the school board had at that time any notice of the contractor's assignment to the surety company. While such assignments have been held to be valid (Hess & Skinner Eng. Co. v. Turney, 110 Tex. 148, 216 S. W. 621) as between different assignees of the contractor, and even as against those furnishing labor and materials with notice of such assignment, we have found no case holding that a contractor may assign, without any notice to either the owner of the building or to the laborers and materialmen, the entire fund to which he may become entitled under his contract, to some creditor who furnished neither materials nor labor on such building, and thus defeat the rights of those who do furnish such materials and labor, in a fund expressly reserved by the owner with the consent of the assignee for the purpose of paying them. To uphold such assignment without notice would be not only a fraud upon those furnishing such labor and materials in good faith, but would in effect defeat the very purposes of the statutes protecting them.

The surety company herein, under its assignment, claims the entire fund in the hands of the school board, though it had paid out

nothing for or on behalf of said Contractor before this suit was filed. It has since paid the claims of Wm. Cameron & Company and of Lydick Roofing Company, aggregating $14,083.55, and claims the balance held by the school board to cover losses sustained by it as surety on other bonds of said contractor, in no wise connected with the contracts with the school board. We see no distinction to be drawn between a debt owing by the contractor to its surety not arising out of the contract in question, and one which such contractor might owe to a third person not arising out of such contract. As to any indebtedness of the contractor to its surety not arising out of nor in any manner connected with the contract with said school board, the assignment in question is undoubtedly inferior and secondary to the liens of the defendants in error on the fund impounded by them under said article 5472a. And the assignment asserted being only an equitable assignment (Hess & Skinner v. Turney, supra), it cannot prevail against claims of the material men and laborers who, without any notice of same, have fixed a statuory lien on the funds left, with the consent of the assignee, in the hands of the school board for the purpose of paying them.

█ Nor do we think the surety company is entitled to have said funds prorated as between the claims of the defendants in error and the sums paid by it to Wm. Cameron & Company and the Lydick Roofing Company, and which were assigned by these companies to said surety company. While these companies could, by giving written notice to the school board, have fixed a lien upon said fund under article 5472a, as did other material men and laborers, they did not do so, nor did the surety company do so. The surety company relied rather upon its assignment from the contractor to protect it. As stated by the Supreme Court in Wilson v. Sherwin-Williams Paint Co., 110 Tex. 160, 217 S. W. 372: "The statutes [relating to such liens] embody the just conception that the rights of the contractor are inferior to those of the material men." And in the same case it is stated that: "The statutes, when complied with, have substantially the same effect as a transfer of the obligation of the owner by the contractor to the materialman to the extent required to pay the account for the material." See, also, Stanfill v. Penniman Gravel & Material Co. (Tex. Com. App.) 27 S.W.(2d) 135, 136. We conclude, therefore, that the creditors who did comply with said statute had a prior claim on said fund to the full amount of their respective claims. Such in effect is the holding in Rotsky v. Kelsay Lumber Co. (Tex. Com. App.) 228 S. W. 560.

█ We sustain plaintiff in error's contention, however, that as against a special exception to the pleadings of defendants in error, it was incumbent upon them to plead and to prove the character and amount of the materials or labor furnished by them on each particular school building. As stated, a separate contract and bond was executed for each building. Separate accounts appear to have been kept as to each, and in withholding a portion of the funds due the contractor, the school board kept separate and segregated a particular fund for each building. The amounts of such different funds were from $2,470.65 to $11,353.31, the aggregate for all buildings being the sum of $25,380.55. It is obvious that if a materialman had furnished materials for one building he could not impound a fund reserved for creditors furnishing materials for an entirely different building repaired under an entirely separate contract. The judgment herein is in favor of twelve such creditors for amounts varying from $54.15 to $2,924.40, without any indication in either pleading or proof what portion of any of said claims was for either labor on, or materials furnished for any particular building.

If the funds retained by the school board on any one contract were insufficient to satisfy all claims for labor and material furnished on that particular building, then such fund should be prorated between such creditors, unless some of them show themselves entitled to priority—a matter not now before us. Creditors under one contract, if not fully paid, would not have any claim against the fund held by the school board under a different contract. And the surety company, under its equitable assignment from the contractor, was entitled to all such funds retained by the school board as were not required to pay the legal claims of defendants in error, and to have all such matters properly adjudicated in this suit. Guarantee Sav., L. & Inv. Co. v. Cash, 99 Tex. 555, 91 S. W. 781.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.

On Motion for Rehearing of Metropolitan Casualty Insurance Company, San Angelo Board of Education, and A. T. Cheaney.

Upon motion of Mosher Steel & Machinery Company heretofore granted, we affirmed the judgment of the trial court as to the interveners B. F. Bunyard, J. P. Spangler, W. H. Shaw, Berger Manufacturing Company, and Mosher Steel & Machine Company, on the ground that these interveners had sufficiently pleaded their respective claims against the separate funds withheld by the school board on the separate building contracts, and that, under agreement with counsel for plaintiff in error, they had made sufficient proof of same. As to all other interveners, however, the judgment was re-

versed because their pleadings and proof were not sufficient to establish their respective claims against the separate funds respectively. A reconsideration, however, upon the motions of the parties above named, discloses that an affirmance of the judgment as to said five interveners would authorize their claims to be paid in full out of the funds against which same are chargeable. Should it develop upon another trial that there would not then remain enough money in any particular fund to pay the claims in full of the other interveners against same, the result would be to give a priority in favor of said five interveners over the claims of the other interveners as to whom the judgment was reversed. There is nothing in the record indicating that any of the claims against any of said funds are entitled to priority. And, should any particular fund be insufficient to pay all the claims against it, the fund should be distributed amongst the claimants pro rata, unless some show right of priority over the others. Hence an affirmance as to any of the claimants would be improper. There is no dispute, however, as to the amount or justness of any of said claims against the contractor, established by the judgment of the trial court. Nor is the judgment in favor of the surety company against the contractor questioned. The only issues which need to be determined upon another trial, therefore, are the amounts of the various claims chargeable against, and constituting a lien upon, the respective funds held by the school board, and the matter of prorating same between such claims in case it be found that the aggregate of the claims chargeable against any particular fund exceed the amount of such fund.

The opinion heretofore filed on said motion for rehearing is hereby withdrawn, and this opinion substituted therefor. To the extent above indicated, the motions of the above-named parties are granted, and said causes reversed as to all defendants in error. In all other respects said motions are in all things overruled.

Granted in part, and in part overruled.

On Plaintiff in Error's Motion for Rehearing.

■ Plaintiff in error earnestly insists that the statement in our opinion, that the fund retained by the school board was retained with its consent for the purpose of paying laborers and materialmen, is not only not sustained by the evidence, but that the evidence shows the contrary. Of course, the plaintiff in error did not, after the contractor had defaulted, agree that it be so used. While the suits of the defendants in error are not based upon the bond executed by the surety company, its right asserted to the fund in question is based entirely upon the assignment contained in the application for the bond. The application, containing this assignment, accepted by the surety company, provided that the school board retain 15 per cent. of the contract price. The contracts which were secured by the bond, provided that only 85 per cent. of the amounts due the contractor was to be paid as the work progressed, the balance to be paid 20 days after completion of the work, and its acceptance by the architect; his acceptance to be based upon satisfactory evidence furnished him, and his certificate based thereon, that "all payrolls, material bills and other indebtedness connected with the work have been paid." We think the only reasonable inference to be drawn from such provisions is that such retained percentage was for the purpose of satisfying the unpaid claims of laborers and materialmen. All of this was agreed to by plaintiff in error when the bond was executed. While the total amount withheld by the school board is somewhat in excess of the 15 per cent. authorized, no question is raised as to that.

■ We find, however, as urged by plaintiff in error, that we were in error in stating that no written notice of its account was given to the school board by the Lydick Roofing Company. Such written notice was given by it to the school board about November 17, 1928, thereby establishing its lien upon said fund in the same manner as the defendants in error. Plaintiff in error, having paid said account to the Lydick Roofing Company and having taken an assignment from it of its claim against the contractor, would be subrogated to its rights in the premises, and be entitled to participate in said retained funds as to that item on the same terms as the defendants in error. As to the Wm. Cameron Company claim, however, the record does not show that such written notice thereof was given to the Board.

To the extent indicated, plaintiff in error's motion is granted. In all other respects it is overruled.

Granted in part, and in part overruled.