HOUSTON ELECTRICAL DISTRIBUT-
ING COMPANY, INC., Appellant,

v.

MBB ENTERPRISES, Appellee.

No. C14-85-00273-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 17, 1985.

---

Gary L. Wickert, of Hughes, Watters, Askanase & Redford, Houston, for appellant.

Philip E. Bryant, of Bray, Mullins & Bray, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a take nothing judgment in a suit to foreclose a mechanic's and materialman's lien. The only issue presented is whether the lien attached to a lot to which materials were not delivered. We affirm.

The facts are not in dispute. Appellant sold and delivered electrical supplies to Stacey Electrical Construction, Inc. for use in the construction of a warehouse in its complex. The large complex was separated by a public street, the warehouse being located on Lot 3, Block 8 and the offices being across the street either on one or two lots described as Lots 2 and 3, Block 7. Subsequent to the delivery of the materials, Stacey sold Lot 2, Block 7 to appellee. Appellant filed its Affidavit for Mechanic's and Materialman's Lien on Lots 2 and 3, Block 7. Appellant then sought to foreclose the lien on Lot 2, Block 7, contending Lot 3, Block 8 and Lot 2, Block 7 were "contiguous." The trial court concluded as a matter of law that such lots were not contiguous.

In its sole point of error appellant contends "the trial court erred in finding that 2/7 (Lot 2, Block 7) and 3/8 (Lot 3, Block 8) were not contiguous as a matter of law." The appellant argues first that a mechanic's and materialman's lien attaches to contiguous lots which are treated as one unit by the owner and second that two lots are contiguous although subject to an easement for a city street. Based on those reasons the appellant claims the lien attaches to both lots as a matter of law. We do not agree with appellant's reasoning.

The mechanic's and materialman's lien statute in effect at the time of this claim was Tex.Civ.Stat. art. 5452 (1973) (repealed 1983). The relevant sections of Article 5452 set forth that:

> Any .. firm .. who may .. furnish .. material: (a) for the construction .. of any .. building or improvement .. within this state under .. a contract with the owner ..; upon complying with the provisions of this Chapter shall have *a lien on such .. building, fixtures, (or) improvements and shall have a lien on the lot or lots of land necessarily connected therewith* .. to secure payment: for the .. material furnished .. for such construction ..."

For a court to order the foreclosure of a materialman's lien, proof must be offered to show that such lien was proper under the statute. The claimant must prove that the property on which they want to fore-

close a lien is either the improvement itself or such lot or lots of land necessarily connected with the improvement.

The parties in this case stipulated in open court that "the goods were delivered to and used on Lot 3, Block 8, .. Sherwood Estates .. Section 3." Since no materials were supplied to or used on Lot 2, Block 7, the evidence must show Lot 2, Block 7 to be necessarily connected with the warehouse on Lot 3, Block 8 to which the materials were furnished in order for a lien to attach.

The only evidence offered in this regard was evidence that the owner of the two lots treated them as a unit. Evidence showed that one business entity was operated from both lots. However, the evidence showed the two lots were used for distinctly different purposes. Lot 3, Block 8 contained warehouses and Lot 2, Block 7, if used by the business entity, was used primarily for offices. Additionally, the two lots were physically separated by a city street.

The appellant cites several cases in which the courts have considered the fact that the owner treated the property as a unit in deciding how to apply a mechanic's and materialman's lien. *Oil Field Salvage Co. v. Simon,* 140 Tex. 456, 168 S.W.2d 848 (1943); *Lyon v. Logan,* 68 Tex. 521, 5 S.W. 72 (1887); *Bryant-Link Co. v. W.H. Norris Lumber Co.,* 61 S.W.2d 160 (Tex.Civ.App. —Amarillo 1933, writ dism'd). These cases can be distinguished from our facts on at least two grounds. First, in those cases the materials were supplied to the entire unit. And second, the owners treated the units in such a way that the materialman was not able to determine to which particular lot the materials were supplied. These are not the facts of our case. In this case, as set out above, the parties stipulated that the materials were delivered and used on only one lot. The facts show that the materialman was not confused as to which lot the materials were supplied. The materials were delivered for use in building a warehouse on a lot which was used for warehouse and storage facilities. Lot 2, Block 7 was separated from that lot by a city street and, if used for any purpose in the business, it was used for offices.

Evidence that two lots were used by one business entity is not sufficient, without more, to show that a lot where no materials were supplied is necessarily connected to a lot where the materials were supplied and used. We find, therefore, that the appellant failed to prove that Lot 2, Block 7 was necessarily connected with the warehouse to which the materials were furnished.

Since the appellant did not have a valid lien on Lot 2, Block 7 which could be foreclosed, there is no need to reach the issue of whether the trial court was correct in finding as a matter of law that these two lots were not contiguous. Whether two lots are contiguous becomes material only where materials were supplied to two or more lots. *See Guaranty Savings Loan & Investment Co. v. Cash,* 99 Tex. 555, 91 S.W. 781 (Tex.1906); *Lyon v. Logan, supra,* 5 S.W. at 72. Since the parties stipulated that materials were only supplied to one lot, the issue of whether the lots were contiguous is immaterial.

In conclusion, we agree with the statement of the court in *Guaranty Savings Loan & Investment Co. v. Cash,* 91 S.W. at 782:

The leading purpose running through these and the other provisions of the statute is to secure persons furnishing labor or materials in improving land by a lien upon that into which the labor or materials has entered; i.e., the structures and the land to which they are attached.... Evidently the statute contemplates one improvement, constituting an entirety, to be affected by the lien to secure the value of the work, material, etc., which made it, and not that one improvement is to be charged with the cost of an entirely different one.

The judgment is affirmed.