IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-118-CV





SHELL CONSTRUCTION, INC.,



 APPELLANT


vs.





MIKE LAUF AND PAT CLANCY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 91-4256-A, HONORABLE PETE LOWRY, JUDGE PRESIDING



 




 Mike Lauf and Pat Clancy recovered summary judgment canceling a recorded
construction-lien affidavit placed on their subdivision lots by Shell Construction Company. Shell
appeals. We will affirm the trial-court judgment.



THE CONTROVERSY



 In a single lien affidavit, Shell claimed a lien on lots 1 and 2 as well as lots 7, 8,
9, and 10 of the Hidden Hills subdivision in Spicewood, Travis County, Texas. Lots 1 and 2 are
not contiguous to lots 7, 8, 9, and 10.

 The sole issue raised by Shell's two points of error is whether a valid construction
lien attaches to non-contiguous subdivision lots described in a single lien affidavit, either under
the provisions of Tex. Prop. Code Ann. § 53.022(a) (West 1984), or under the self-executing
provisions of Tex. Const. art. XVI, § 37. See Strang v. Pray, 35 S.W. 1054 (Tex. 1896)
(constitutional lien operates independent of statutory lien, and one who has not fulfilled
requirements of statutory lien may still have constitutional lien).


DISCUSSION AND HOLDINGS



 The state constitution grants mechanics, artisans, and material suppliers "a lien
upon the buildings and articles made or repaired by them for the value of their labor done thereon,
or material furnished therefor." Tex. Const. art. XVI, § 37. Section 53.022(a) of the property
code declares that the statutory lien, when perfected, "extends to the house, building, furniture
or improvements, . . . and to each lot of land necessarily connected." Tex. Prop. Code Ann. §
53.022(a) (West 1984) (emphasis added). In Guaranty Savings Loan & Investment Co. v. Cash,
91 S.W. 781, 782 (Tex. 1906), the court held that neither the statutory nor the constitutional lien
extended to each of three lots and improvements, erected under an entire contract for the labor
and materials furnished for all, when one lot was separated from the others.

 Shell concedes the effect of the decision in Cash but argues that neither the statute
nor constitution expressly required a physical connection of the lots on the ground, and it should
be sufficient that they are "connected" by reason of their being included in a single construction
contract. Shell gives no authority in support of its interpretive theory except to argue that
methods of subdivision development have changed since the Cash decision in 1906. We believe
Cash plainly rejected the theory when it assigned a contrary meaning to the statutory expression
"necessarily connected" and made the scope of the statutory and constitutional provisions
coextensive in the case of non-contiguous subdivision lots developed under an "entire contract." 
Cash is controlling, and we hold accordingly.

 Concerning the constitutional lien, we note in addition that Shell's president
conceded in an affidavit opposing the motion for summary judgment that Shell could not identify
any amount of labor or materials applicable to any particular lot. A showing of such particularity
is a prerequisite to establishing a constitutional lien upon any lot; without it a court would be
unable to order foreclosure for a specific amount due and owing for labor and materials applied
to a particular lot. Centex Materials, Inc. v. Dalton, 574 S.W.2d 621, 624 (Tex. Civ. App.--Tyler
1978, no writ).

 In our examination of the summary-judgment record, however, we observe that
copies of Shell's invoices do indicate some labor charges by lot number, indicating perhaps that
the labor pertained to those lots and that, at least, the constitutional lien might have been
established as to those lots and in those sums. Shell apparently decided for reasons of its own not
to urge this contention in the trial court and does not urge it here. See Tex. R. Civ. P. 166a(c);
Tex. R. App. P. 52(a). Therefore "[t]he judgment must stand, since it may have been based on
a ground not specifically challenged by the plaintiff and since there was no general assignment that
the trial court erred in granting summary judgment." Malooly Bros., Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1970); see also San Jacinto River Auth. v. Duke, 783 S.W.2d 209 (Tex. 1990)
(court of appeals lacks the power to reverse a trial-court judgment on grounds not raised in that
court or urged in court of appeals by brief or argument).

 We overrule Shell's two points of error and affirm the judgment below.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith; Justice B. A. Smith not participating]

Affirmed

Filed: January 13, 1993

[Do Not Publish]